IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, ¶¶ 4 and 5, RCFC, the parties hereby provide the Joint Preliminary Status Report:

¶ 4

(a) Jurisdiction:

Plaintiff: This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6226 and 28 U.S.C. § 1508, which grant this Court jurisdiction over a petition for a readjustment of the partnership items. Plaintiff asserts that it made a good faith effort, and has met, the jurisdictional deposit requirements of § 6226(e) and Treas. Reg. § 301.6226(e)-1 and § 6231(a)(10) (defining "indirect partner"). However, should the Court determine that the Plaintiff has not meet the jurisdictional deposit requirements,

Plaintiff respectfully requests an opportunity to correct by making an additional deposit in the requisite amount.

Defendant: Jurisdiction, if it exists, arises under 26 U.S.C. § 6226(e) and 28 U.S.C. § 1508. This is a TEFRA partnership proceeding subject to the provisions of Appendix F, Rules of the United States Court of Federal Claims. The defendant contends that the jurisdictional deposit requirements of § 6226(e) and Treas. Reg. § 301.6226(e)-1 and § 6231(a)(10) (defining "indirect partner") have not been satisfied due to a lack of a good faith attempt to satisfy these jurisdictional deposit requirements. Answer, ¶ 1. A $2000 deposit is recorded on the IRS transcript of account for Philip G. and Coleen M. Groves. The complaint alleges that this deposit was made on behalf of the plaintiff here, Ricobene, LLC, that passed through a $1600 loss to the Groves in 2002, the year at issue. Compl. ¶ 10. Upon information and belief, the Groves were also owners of Distressed Asset Consulting LLC in 2002, another entity that participated in this tax shelter. A loss of $92,897 was allocated to the Groves in 2002 through Distressed Asset Consulting. The $2000 deposit is not sufficient to pay the estimated tax liability of the Groves for 2002 resulting from the disallowance of the loss passed through to them as a result of their ownership of Distressed Asset Consulting.

(b) <u>Consolidation</u>: There is no other case filed or expected to be filed that should be consolidated with this action.

(c) <u>Bifurcation of liability and damages</u>:

Plaintiff: This is a TEFRA partnership proceeding to review the determinations of the Internal Revenue Service set forth in the Notice of Final Partnership

Administrative Adjustment (FPAA). As such, there are no distinct "liability" and "damages" issues before the Court.

Defendant: This is a TEFRA partnership proceeding to review the determinations of the Internal Revenue Service set forth in Notices of Final Partnership Administrative Adjustments (FPAA). As such, there are no distinct "liability" and "damages" issues before the Court.

(d) Deferral of proceedings: There is no reason known to either party at present to defer these proceedings.

(e) Remand or suspension: There is no basis for remanding this TEFRA partnership proceeding. There is no basis currently known to the parties to request a suspension of proceedings.

(f) Additional parties: There are no additional parties to be joined in this action.

(g) Dispositive motions:

Plaintiff: None.

Defendant: The defendant believes a motion to dismiss for failure to make a good faith effort to satisfy the jurisdictional deposit requirement is appropriate.

(h) Factual and legal issues:

Plaintiff: The Internal Revenue Service made determinations in a Final Partnership Administrative Adjustment ("FPAA"), a copy of which was attached to Plaintiff's Petition. This FPAA pertains to the "short" taxable year of Plaintiff, which consisted only of December 2002. The FPAA identifies two examination changes on Form 4605-A: (1) an adjustment to "Other Costs" in the amount of $159,293; and (2) an

adjustment to "Other Deductions" in the amount of $32,972,844. The FPAA also proposes the application of the accuracy-related penalty under § 6662.

According to the government, there are multiple steps to this complex transaction, but the origins of the assets at issue here are non-performing loans issued by the Bank of China, which was owned by the government of the Peoples Republic of China (PRC). According to the government, the loans were transferred (allegedly purchased at face value) from the Bank of China to another PRC entity, China Orient, an asset management corporation. According to the government, China Orient contributed the distressed asset/debt to Plaintiff as part of a "tax shelter scheme" that ultimately led to the bad debt/worthless debt deductions claimed by Plaintiff during the tax period at issue here and disallowed by the FPAA. Due to the complexity of the transaction, extensive discovery is necessary.

Plaintiff maintains that its costs and deductions reported on its 2002 return are genuine. Further, Plaintiff maintains that there was no lack of cooperation with the IRS during the IRS examination that preceded the issuance of the FPAA.

Defendant: The principal focus in any suit brought under the TEFRA partnership provisions, 26. U.S.C. §6221 et seq, is the determinations made by the IRS in the Final Partnership Administrative Adjustment (the "FPAA"). A copy of the FPAA is attached to the Complaint in accordance with Appendix F, RCFC, ¶ 2(d)(1)(I). This FPAA pertains only to the "short" taxable year of the Austin Investment Fund that consisted only of December 2002. The FPAA identifies two examination changes on Form 4605-A: (1) a disallowance of a deduction for "other costs" in the amount of $159,293; and (2) a

disallowance of a deduction for "bad debts" in the amount of $32,972,844. The FPAA also proposes the application of the accuracy-related penalty under § 6662.

In the government's view, Austin Investment Fund engaged in an abusive tax shelter transaction generically known as a DAD (distressed asset/debt) transaction. There are multiple steps to this complex transaction, but the origins of the assets at issue here are non-performing loans issued by the Bank of China, which was owned by the government of the Peoples Republic of China (PRC). The loans were transferred (allegedly purchased at face value) from the bank to another PRC entity, China Orient, an asset management corporation. China Orient contributed the distressed asset/debt to Austin Investment Fund as part of the tax shelter scheme that ultimately led to the bad debt/worthless debt deductions claimed by Austin Investment Fund during the tax period at issue here and disallowed by the FPAA. Extensive discovery is necessary due to the complexity of the transaction and Austin Investment Fund's lack of cooperation with the IRS during the IRS examination that preceded the issuance of the FPAA.

(i) Settlement:

Plaintiff: Plaintiff does not believe that utilizing alternative dispute resolution methods would be helpful in this case. If there is an opportunity to settle this case before commencing trial, Plaintiff's counsel will pursue that opportunity.

Defendant: The defendant does not believe that utilizing alternative dispute resolution methods would be helpful in this case. The Tax Division has an excellent record of settling appropriate cases without invoking ADR techniques. If there is an opportunity to settle this case before commencing trial, defendant's counsel will pursue that opportunity.

(j) Trial: If the case is not settled, resolution by trial is expected. An expedited trial schedule would not be appropriate as extensive fact and expert discovery is necessary.

(k) Electronic case management: This case is designated as an ECF case. There are no special ECF needs anticipated at this time.

(l) Other information: None.

¶ 5

Discovery Plan:

The following discovery schedule is proposed:

– Close of Fact Discovery, June 1, 2008

– Disclosure of Plaintiff's Expert(s) and Report(s), on or before July 1, 2008

– Deposition of Plaintiff's Experts, on or before August 1, 2008

– Defendant's Experts Disclosure and Reports, on or before September 1, 2008

– Deposition of Defendant's Experts, on or before October 1, 2008

– Disclosure of Any Rebuttal Reports, by either party, on or before November 1, 2008

– Depositions of Any Rebuttal Experts, on or before November 15, 2008

– Close of All Discovery on December 1, 2008.

Respectfully submitted,

5/7/2007
Date

s/Edward M. Robbins, Jr.
EDWARD M. ROBBINS, JR.
Hochman, Salkin, Rettig,
Toscher & Perez, P.C.
9150 Wilshire Blvd, Suite 300
Beverly Hills, CA 90212-3414
Telephone: (310) 281-3200
FAX: (310) 859-1430
Email: Robbins@taxlitigator.com
Counsel for Plaintiff

5/07/2007
Date

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580
FAX: (202) 514-9440
Robert.J.Higgins@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

5/07/2007
Date

s/Steven Frahm
Of Counsel

Attorneys for Defendant