# Exhibit 1

Internal Revenue Service

915 Second Avenue
Seattle, WA 98174

Department of the Treasury

Refer To:
M/S W155, QMS
Taxpayer Identifying Number:

Name of Partnership:
Austin Investment Fund, LLC
Partnership Identifying Number:
94-3405500
Tax Year Ended:
12/31/2002
Date FPAA Mailed to Tax Matters Partner:

Person to Contact:
TEFRA Coordinator - FPAA

Contact Hours:
8:00 AM to 4:00 PM
Contact Telephone Number:
(206) 220-5955

COPY

Date: SEP 1 2 2006

Ricobene LLC
Tax matters Partner
Austin Investment Fund, LLC
1408 Elizabeth Lane
Glenview, IL 60025

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Tim Conley by AE

Tim Conley
Technical Services Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Page of

Form **4605-A**

Department of the Treasury - Internal Revenue Service

**Examination Changes – Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations**

| Name and Address of Taxpayer | Employer Identification Number (TIN) | Form Number: |
|---|---|---|
| Austin Investment Fund LLC<br>% Distressed Asset Consulting LLC<br>200 S Wacker Dr Ste 3100<br>Chicago, Illinois 60606 | 94-3405500 | 1065 |
| | Person Examination Changes Were Discussed With | Name and Title: |

| 1. Adjustments to ordinary, distributable net, or taxable income | Tax Period: 12/31/2002 | Tax Period: | Tax Period: |
|---|---|---|---|
| a. Other costs | 159,293.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustment to ordinary, distributable net, or taxable income | 159,293.00 | | |
| 3. Ordinary, distributable net, or taxable income as reported | (159,293.00) | | |
| 4. Corrected, ordinary, distributable net, or taxable income | 0.00 | | |
| 5. Other adjustments | | | |
| a. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 70.00 | | |
| (3) Corrected | 70.00 | | |
| b. Other deductions | | | |
| (1) Adjustment | 32,972,844.00 | | |
| (2) As reported | 32,972,844.00 | | |
| (3) Corrected | 0.00 | | |

**Remarks**

Penalty

The Accuracy Related Penalty under IRC Section 6662 is being proposed as explained in the following attachment.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Reviewer | 00-0000 | Portland | 08/31/2006 |

RGS Version 7.20.00

Form 4605-A-CG

| Computer Generated Form 886-S | Department of the Treasury - Internal Revenue Service<br>**Partners' Share of Income, Deductions, and Credits** | Page of<br>Schedule Number: 1065 |
|---|---|---|
| TIN and Name of Partnership:<br>94-3405500<br>Austin Investment Fund LLC | | Taxable Year Ended:<br>12/31/2002 |

| Name and TIN of Each Partner: (1) | Ordinary income (loss) from trade or business (2) | Portfolio income (loss) Interest (3) | Other deductions (4) | Investment income included in portfolio income (5) |
|---|---|---|---|---|
| a. Gator Investment Fund LLC<br>13-4227351 Status: LTD.LIAB | 0.00 | 5.00 | 0.00 | 0.00 |
| b. Koala Investment Fund LLC<br>13-4227357 Status: LTD.LIAB | 0.00 | 5.00 | 0.00 | 0.00 |
| c. Bulldog Investment Fund LLC<br>13-4227362 Status: LTD.LIAB | 0.00 | 26.00 | 0.00 | 0.00 |
| d. Crimson Investment Fund LLC<br>13-4227366 Status: LTD.LIAB | 0.00 | 14.00 | 0.00 | 0.00 |
| e. Ricobene LLC<br>54-2061210 Status: LTD.LIAB | 0.00 | 0.00 | 0.00 | 0.00 |
| f. Bengal Investment Fund LLC<br>56-2306438 Status: LTD.LIAB | 0.00 | 10.00 | 0.00 | 0.00 |
| g. Polar Investment Fund LLC<br>56-2306443 Status: LTD.LIAB | 0.00 | 10.00 | 0.00 | 0.00 |
| h. China Orient Asset Management Corp<br>99-9999999 Status: Limited | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | |
| | | | | |
| **Totals** | 0.00 | 70.00 | 0.00 | 0.00 |

**Continuation**

| Partner TIN (6) | Net earnings (loss) from self-employment (7) | (8) | (9) | (10) | (11) |
|---|---|---|---|---|---|
| 13-4227351 | 0.00 | | | | |
| 13-4227357 | 0.00 | | | | |
| 13-4227362 | 0.00 | | | | |
| 13-4227366 | 0.00 | | | | |
| 54-2061210 | 0.00 | | | | |
| 56-2306438 | 0.00 | | | | |
| 56-2306443 | 0.00 | | | | |
| 99-9999999 | 0.00 | | | | |
| | | | | | |
| | | | | | |
| **Totals** | 0.00 | | | | |

RGS Version 7.20.00 Date Tax Computation Last Generated 08/15/2006 Form 886-S-CG

Austin Investment Fund LLC
EIN: 94-3405500
Year: 2002

**1.a. Other Deductions**

| | 2002 |
|---|---|
| Per Return | $ 159,293 |
| Per Exam | -0- |
| Adjustment | 159,293 |

**5.b. Other Deductions – Ordinary Loss – Bad Debt**

| | 2002 |
|---|---|
| Per Return | $ 32,972,844 |
| Per Exam | -0- |
| Adjustment | 32,972,844 |

1. It is determined that Austin Investment Fund LLC [hereinafter FUND] was formed and availed of solely for purposes of tax avoidance and, in furtherance of such purpose, engaged in a prearranged transaction in which: 1) FUND artificially overstated the basis of alleged built-in loss assets [hereinafter distressed assets] purportedly contributed to FUND by China Orient Asset Management Company [hereinafter China Orient], a foreign entity; 2) China Orient contributed most of its interest in FUND to Austin Investment Holdings LLC [hereinafter Holdings] in return for an interest in Holdings; 3) China Orient transferred its interest in Holdings to Chenery Capital Management Inc. [hereinafter CCMI]; 4) Holdings transferred its interest in FUND to Distressed Asset Consulting, LLC [hereinafter DAC]; 5) DAC transferred its interest in FUND to US Investors through various Investor pass-through entities [hereinafter collectively referred to as the US Investors]; 6) FUND failed to make an I.R.C. Section 754 election; 7) FUND sold, exchanged, or wrote off as a bad debt all or a portion of the distressed assets and recognized large non-economic losses; and 8) FUND allocated such losses to the US Investors, COAMC and Ricobene LLC [hereinafter Ricobene]. All of the above steps are known hereinafter the Transaction. US Investors held an interest in FUND for a short period of time in 2002. The Transaction and/or the creation of FUND to engage in such Transaction was a sham, lacked economic substance, and was not engaged in for a legitimate business purpose. In addition, FUND was not created for the purpose of carrying on a business by partners or for the sharing of profits and losses from such activity. It is therefore determined, in accordance with the economic substance, substance over form, and/or step transaction judicial doctrines, that:

    a. FUND is not recognized as a partnership for Federal income tax purposes, and that all transactions purportedly engaged in by FUND are treated as engaged in by CCMI, US Investors, Ricobene and China Orient in their individual capacities. This includes the determination that the assets purportedly acquired by FUND including but not limited to the distressed

assets were purchased, held, written off as bad debts and disposed of directly by the US Investors and Ricobene;

b. Alternatively, China Orient sold all or a portion of the distressed assets to FUND in exchange for cash contributed by CCMI, or that China Orient sold all or a portion of the distressed assets to CCMI for cash and that CCMI contributed such assets to FUND; or

c. Alternatively, the claimed loss from the Transaction does not reflect a true economic loss of the partnership or any of its partners, for U.S. Federal tax purposes.

Accordingly, the claimed ordinary losses in the amounts of $159,293 and $32,972,844 are disallowed in full.

2. It is determined that FUND was a sham, lacked economic substance, and was formed and availed of, in connection with the Transaction, with a principal purpose to substantially reduce the present value of its partners' aggregate Federal tax liabilities in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. Pursuant to Section 1.701-2 of the Income Tax Regulations, it is consequently determined that:

a. FUND is not recognized as a partnership for Federal income tax purposes, and that all transactions purportedly engaged in by FUND are treated as engaged in by the US Investors, CCMI, Ricobene and China Orient in their individual capacities. This includes the determination that the assets purportedly acquired by FUND including but not limited to the distressed assets were purchase, held and disposed of directly by the US Investors and Ricobene;

b. Alternatively, China Orient sold all or a portion of the distressed assets to FUND in exchange for cash contributed by the CCMI, or that China Orient sold all or a portion of the distressed assets to CCMI for cash and that the CCMI contributed such assets to FUND; or

c. Alternatively, the claimed loss from the Transaction does not reflect a true economic loss of the FUND or any of its partners, for U.S. Federal tax purposes.

Accordingly, the claimed losses are disallowed in full.

3. It is determined that FUND has failed to establish that the purported partnership incurred any loss or bad debt during the taxable year in question or that it is entitled to any deduction under any provision of the Internal Revenue Code. Accordingly, the claimed losses are disallowed in full.

Austin Investment Fund LLC
EIN: 94-3405500
Year: 2002

4. It is determined that the claimed losses have not been shown to be the result of a transaction entered into for profit, and they therefore are not allowable under any provision of the Internal Revenue code, including, but not limited to, Section 165(c)(2). Accordingly, the claimed losses are disallowed in full.

5. It is determined that FUND has failed to establish that it had any basis in the distressed assets which were purportedly contributed to it. In this regard, it is determined that FUND has failed to establish that the contributed distressed assets were in fact contributed or, if contributed, had any value at the time they were contributed and were property within the meaning of Section 723. It is therefore determined that such bases were zero. Accordingly, the claimed losses are disallowed in full.

6. Alternatively, if any portion of the claimed loss is otherwise allowable, it is determined that any portion of the loss recognized on the sale or exchange of the distressed assets that results from, or otherwise relates to, the excess of basis over FMV of the distressed assets at the time such assets were contributed to FUND, should be allocated to China Orient, under the authority of Section 482 of the Internal Revenue Code. Accordingly, the entire loss should be allocated to the China Orient and not to the US Investors and Ricobene.

7. Alternatively, if any portion of the claimed loss is otherwise allowable, it is determined that with regard to any portion of the loss recognized on the sale or exchange of the distressed assets that results from, or otherwise relates to, the excess of basis over FMV of the distressed assets at the time such assets were contributed to FUND, the allocation of any of such loss to the US Investors is unreasonable, and that portion of such loss should be allocated to China Orient, in accordance with the authority of Section 1.704-(3)(a)(8) and (10) of the Income Tax Regulations. Accordingly, the entire loss should be allocated to China Orient and not to the US Investors and Ricobene.

8. Alternatively, even if FUND is respected for Federal income tax purposes, any losses claimed by FUND were capital in nature, and were not ordinary losses.

Penalties

1. It is determined that the adjustments of partnership items of FUND are attributable to a tax shelter within the meaning of I.R.C. § 6662(d)(2)(C)(ii), that FUND and its members had, as a significant purpose, the avoidance or evasion of federal income tax, that they lacked substantial authority for the positions taken, and that the they did not have a reasonable belief that those positions were more likely than not the correct treatment of such items.

2. It is also determined that all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) a substantial understatement, (2) a gross valuation misstatement, or (3) negligence or disregard of rules or regulations.

Austin Investment Fund LLC
EIN: 94-3405500
Year: 2002

3. In addition, it is determined that FUND and its partners did not have reasonable cause and good faith for any of the resulting underpayments, or that any other exceptions to the accuracy-related penalty apply.

4. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all under-payments of tax attributable to adjustments of partnership items of FUND. The components of the accuracy-related penalty are imposed as follows:

   A. a 40 percent penalty is imposed on any portion of the underpayment that is attributable to a gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.

   B. a 20 percent penalty is imposed on any portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.

   C. a 20 percent penalty is imposed on the portion of the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.

   D. a 20 percent penalty is imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

Form **870-PT** (Rev. 8-2004)

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

IN REPLY REFER TO:

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| Ricobene LLC<br>Tax Matters Partner<br>Austin Investment Fund LLC<br>1408 Elizabeth Lane<br>Glenview, IL 60025 | Austin Investment Fund LLC<br>Taxpayer Identifying Number:<br>94-3405500 | 12/31/2002 |
| Taxpayer Identifying Number: 94-3405500 | Name of Tax Matters Partner: | |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts
## &
## Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Austin Investment Fund LLC<br>TAXPAYER IDENTIFYING NUMBER 94-3405500 | 12/31/2002 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| Other deductions | 159,293.00 | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | 159,293.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. Portfolio income (loss) interest | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 70.00 | | |
| (3) CORRECTED | 70.00 | | |
| B. Other deduction | | | |
| (1) ADJUSTMENT | 32,972,844.00 | | |
| (2) AS REPORTED | 32,972,844.00 | | |
| (3) CORRECTED | 0.00 | | |

REMARKS

Accuracy-Related Penalties

It has been determined that the accuracy-related penalty for gross valuation misstatement under IRC section 6662(h) applies since the adjusted basis of the property was overstated by more than 200%. It is also determined that the accuracy-related penalty for negligence or disregard for the rules or regulations under IRC section 6662 applies to the understatement not subject to IRC section 6662(h), since there was a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. In the alternative, It is determined that the accuracy related penalty for substantial understatement of income tax under IRC section 6662 applies since there was a substantial understatement of tax as defined in IRC section 6662(d).