IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO PAPERS FILED BY INTERVENERS
BRUCE ELIEFF AND KATHY ABRAHAMSON

COMES NOW the defendant, the United States of America, and hereby moves, pursuant to RCFC 6.1, for an enlargement of time to respond to the Motion to Intervene Pursuant to Rule 24(b), Memorandum of Points and Legal Authorities in support of said motion, and Motion for Permission to File a Notice of Election to Participate Pursuant to Appendix F, Rule 4(b) and (c), received from potential interveners Bruce Elieff and Kathy Abrahamson (hereinafter, the “interveners”) on August 3, 2007. These papers were filed by the Clerk of Court, by leave of the Court, on August 14, 2007. Pursuant to the Civil Docket, a response is due on August 20, 2007. An enlargement of seven days, until August 27, 2007, is requested for the reasons set forth below. This is the first request for enlargement of time with respect to this matter.

Plaintiff's counsel advised defendant's counsel on August 15, 2007, that she does not object to the enlargement of time requested herein.

Additional time is requested to formulate a response to these voluminous filings. The papers contain many factual allegations with respect to which defendant's trial counsel has no personal knowledge and must consult with the Internal Revenue Service to determine the accuracy of the interveners' allegations. For example, the Motion to Intervene describes alleged settlement negotiations with the IRS as recently as June, 2007. Motion to Intervene, ¶¶17 and 18.

The interveners also allege "conflicts of interest" between the plaintiff and tax matters partner Ricobene LLC based on alleged communications with "[n]on-litigation counsel for TMP." *Id.* at ¶ 21. Defendant's counsel has no knowledge of these alleged conflicts and would like to consider plaintiff's response to the interveners' papers prior to formulating defendant's response.

The defendant also needs additional time to consider the impact of the interveners formally entering this action as a party before taking a position with respect to the papers filed by the interveners. The interveners' allegation that intervention will have not delay or prejudice the rights of the United States is an unsubstantiated conclusion that seems unrealistic. *Id.* at ¶31. For example, if intervention is permitted, though clearly untimely pursuant to Appendix F, Rule 4(b), must the United States serve discovery on two independent and potentially adverse "plaintiffs?" The answer would seem to be "yes" and that clearly would impact the United States' defense of this action.

WHEREFORE, the defendant prays that the Court grant this Motion for Enlargement of Time for the reasons set forth above.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief
Court of Federal Claims Section

s/David Gustafson
Of Counsel

August 16, 2007