**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC, RICOBENE LLC, TAX MATTERS PARTNER,** | ) | |
| | ) | Docket No. 06-844T |
| **Complainant,** | ) | |
| v. | ) | |
| **UNITED STATES OF AMERICA and the INTERNAL REVENUE SERVICE,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF-INTERVENOR'S MOTION**
**<u>TO EXTEND THE DISCOVERY CUT-OFF DEADLINE</u>**

BRUCE ELIEFF and KATHY ABRAHAMSON (collectively "Elieff"), move the Court for an order extending the discovery deadline by four months to October 1, 2008.

As grounds, Elieff states:

1. This Court set a discovery deadline of June 1, 2008 on May 18, 2007.
2. On September 14, 2007, this Court kindly allowed Elieff to intervene.
3. This resulted in Elieff having 8 ½ months to conduct discovery versus the other parties.
4. During the move of the company of Elieff, files relating to the investment at issue were lost. See the attached declaration of Angela Brown in Exhibit A. Consequently, Elieff is dependent on other parties to provide him with even the most basic documents.
5. Elieff has experienced a lack of cooperation of the Tax Matter Partner ("TMP"), including:

a. Refusals to even provide the operating agreement for Austin.

b. A breach of a fiduciary duty to Elieff by conditioning cooperation with a demand that Elieff sign a release of all liability in favor of the TMP.

See the attached declaration of Mr. Weisz in Exhibit B. Consequently, getting information and documentation is going to be difficult and very time-consuming.

6. Elieff has also experienced a lack of cooperation from Jeffrey Verdon, the counsel who advised him on the investment. Elieff's tax counsel requested Jeffrey Verdon to produce any relevant documents to the Defendant's production request by January 16, 2008. Elieff's tax counsel was advised that the request had been forwarded to Verdon's counsel with the instruction that Elieff's request be complied with. However, the undersigned has not received any documents or communication from Mr. Verdon or his counsel to date. See attached declaration of Jenny C. Lin-Alva in Exhibit C.

7. Another law firm may also possibly have relevant records relating to the investment. The undersigned does not know at this time whether that law firm has any relevant records pertaining to this litigation as the relevant attorney at that law firm has refused to speak with the undersigned.

8. The Hochman firm is excepted from the conduct above in ¶5 and ¶7. This firm has been cooperative under the existing circumstances.

9. The Hochman firm is planning to withdraw as counsel for the TMP, which will create more delay if the TMP then defaults.

10. The undersigned has experienced very serious non-recurring health problems, which has precluded the undersigned from acting. For instance, the latest installment of this medical problem has kept the undersigned out of the office for substantially more than a month, except for a half-day, which caused a major set back. The undersigned's doctor has not yet indicated a return date. Even when the undersigned does return, the undersigned's doctor has recommended that the undersigned operate in a very reduced manner for a substantial amount of time. A true and correct copy of the doctor's letter verifying the above is attached in Exhibit D.

11. When the undersigned returns to work, the undersigned doctor has restricted the undersigned travel to at least until February 16, 2008. Based on the slow recovery, it is almost a certainty that the travel ban will be extended. A true and correct copy of the doctor's letter verifying the above is attached as Exhibit E. This letter and Exhibit D were received by mail and have been maintained as part of the records of the firm in the ordinary course of business. The undersigned is the custodian of records.

12. The undersigned's practice is in San Francisco. Until the travel ban is lifted, the undersigned cannot take depositions or review records outside of the San Francisco area.

13. Defendant's counsel previously agreed to extend the deadline for complying with Defendant's document production request to January 22, 2008.

14. On or about January 15, 2008, the undersigned's office requested an additional extension of the above deadline to February 12, 2008 as a result of the undersigned's health condition. See Appendix B to Exhibit C.

15. On or about January 23, 2008, the undersigned's office contacted Defendant's counsel regarding extending the compliance date of the document production request to February 29, 2008 as a result of the undersigned's continuing health problem, travel restriction, lost files, and lack of cooperation from other relevant parties. Defendant's counsel indicated that he was unwilling to agree to the extension if the Court did not extend the discovery deadline as to all parties. Defendant's counsel was concerned that agreeing to the extension for its document production request would prejudice the Defendant if Defendant is subject to the current discovery deadline. See Exhibit C.

16. Collectively, all of the above prejudices Elieff.

17. All of the above justifies the Court to extend the discovery deadline as requested for all parties.

18. The Hochman firm does not object.

19. Government counsel has indicated that Defendant would like to respond separately to this motion. See Exhibit C.

This motion is based on personal knowledge except as to the subject in ¶4, ¶5b, ¶6 and ¶19. Separate declarations are attached in Exhibits A, B, and C to support the facts stated in ¶4, ¶5b, ¶6, and ¶19 respectively.

///

//

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2008

WHEREFORE, Elieff requests the Court to grant the requested extension.

Respectfully Submitted,

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
(415) 274-3800
Counsels for Elieff

T:\Clients\7067\Claims Court\motion to extend di deadline.doc

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**AUSTIN INVESTMENT FUND, LLC,**
**RICOBENE LLC,**
**TAX MATTERS PARTNER,**

**Complainant,**

v.

**UNITED STATES OF AMERICA and the INTERNAL REVENUE SERVICE,**

**Defendants.**

Docket No. 06-844T

**DECLARATION OF ANGELA BROWN**
**IN SUPPORT OF PLAINTIFF-INTERVENOR'S**
**MOTION TO EXTEND THE DISCOVERY CUT-OFF DEADLINE**

I, Angela Brown, do hereby declare and state:

1. I began working for SunCal Companies on or about September 15, 2003.

2. I am Bruce Elieff's executive assistant.

3. On or around Thanksgiving weekend in 2003, SunCal Companies moved to its current location.

4. I unpacked the boxes for Mr. Elieff's office after the company's move. At that time, I created files for documents if no previous file existed.

5. In the process of unpacking the boxes for Mr. Elieff's office, I was only able to locate one document relating to the litigation at issue. The document I located was a letter by an attorney indicating that he is now a partner at a different law firm and his new contact information.

6. When the IRS audit began, other individuals and I conducted an exhaustive search of Mr. Elieff's office, the warehouse where documents were stored, and other possible

EXHIBIT A

locations where relevant records may be located. Other individuals and I were only able to locate a few documents. Based on the repeated searches, the records that Mr. Elieff had pertaining to the investment at issue must have been lost during the move of the company.

7. The above is based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2008.

Respectfully Submitted,

Angela Brown

Angela Brown

T:\Clients\7067\Claims Court\motion to extend di deadline - Brown Decl.doc

EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AUSTIN INVESTMENT FUND, LLC,**<br>**RICOBENE LLC,**<br>**TAX MATTERS PARTNER,**<br><br>**Complainant,**<br><br>v.<br><br>**UNITED STATES OF AMERICA and the INTERNAL REVENUE SERVICE,**<br><br>**Defendants.** | Docket No. 06-844T<br><br>**DECLARLATION OF JAMES WEISZ IN SUPPORT OF PLAINTIFF-INTERVENOR'S MOTION TO EXTEND THE DISCOVERY CUT-OFF DEADLINE** |

I, JAMES WEISZ, do hereby declare and state:

1. I am a member in good standing with the State Bar of California but I am not admitted in this Court.

2. I am a partner in Rutan & Tucker, LLP, located in Costa Mesa, CA.

3. Our firm represents Mr. Elieff and his enterprises in some respects. We do not represent the Elieffs in the above captioned litigation.

4. In or about July 2007, I spoke via telephone with a legal representative for Phil Groves, whom I recall to be David E. Liberman, informing him that Mr. Elieff's tax counsel had yet to receive any documents that had been requested from Phil Groves. Groves' legal representative replied that Groves would be willing to supply the requested documents and aid in discovery if an agreement was entered between Mr. Elieff and Mr. Groves that would release all claims against each other, including entities owned by Mr. Groves.

5. I understand Phil Groves to be the managing member or equivalent of Ricobene, LLC, which is the Tax Matters Partner for Austin Investment Fund, LLC.



EXHIBIT B

6. I confirm that Mr. Groves and counsel (not including the Hochman firm) have refused to even provide a copy of the operating agreement of Austin Investment Funds, LLC.

7. The above statements are based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2008.

Dated: January 23, 2008

BY: ______________________
JAMES WEISZ, ESQ.



EXHIBIT B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,<br>RICOBENE LLC,<br>TAX MATTERS PARTNER,** | ) | |
| **Complainant,** | ) | Docket No. 06-844T |
| v. | ) | |
| **UNITED STATES OF AMERICA and<br>the INTERNAL REVENUE SERVICE,** | ) | |
| **Defendants.** | ) | |

**DECLARATION OF JENNY C. LIN-ALVA**
**IN SUPPORT OF ELIEFF'S MOTION TO EXTEND THE**
**DISCOVERY CUT-OFF DEADLINE**

I, Jenny C. Lin-Alva, do hereby declare and state:

1. I am a member in good standing with the State Bar of California.

2. I am an associate at Ord & Norman.

3. On or about January 3, 2008, I made a written request to Jeffrey Verdon on behalf of Bruce Elieff to produce documents that are relevant to Defendant's document production request. A true and correct copy of the letter is attached as Appendix A. The letter was sent to Mr. Verdon by facsimile and first-class mail.

4. On or about January 8, 2008, I contacted Mr. Verdon's office regarding our document request. I was transferred to Mr. Chhokor. I asked Mr. Chhokor whether Mr. Verdon intends to comply with Mr. Elieff's request. Mr. Chhokor indicated that the request was forwarded to Mr. Verdon's counsel with instructions that counsel comply with Mr. Elieff's request. I further asked Mr. Chhokor whether the records would be produced by January 16, 2008. Mr. Chhokor replied that Mr. Verdon's counsel is

EXHIBIT C

aware of the time constraint and did not indicate that they would not be able to comply with the request by January 16, 2008.

5. To date, this office has not received any documents or communications from Mr. Verdon or his counsel.

6. Defendant served its request for production of documents on Elieff. This office requested several extensions for the deadline to comply with document production request due to various complications and reasons. The last extension Defendant's counsel granted extended the deadline to comply with the document production request to January 22, 2008.

7. On or about January 15, 2008, I requested an additional extension of the above deadline to February 12, 2008 as a result of Mr. Edward Ord's health condition. He is Elieff's tax counsel. A true and correct copy of the letter requesting the extension is attached as Appendix B.

8. On or about January 22, 2008, I contacted Defendant's counsel regarding the extension to February 12, 2008. Defendant's counsel informed me that he was unwilling to grant the extension unless the Court extended the discovery deadline for all parties. He was concerned that the Defendant would be prejudiced by giving Elieff an extension if the Defendant was still subject to the current discovery deadline. Defendant's counsel also informed me that he would not object to Elieff's motion to extend discovery deadlines if the extension applied to all parties.

9. On or about January 23, 2008, I contacted Defendant's counsel again regarding the extension for the document production request. Upon further discussions with Edward Ord, Elieff's tax counsel, it was decided that we should request an extension



EXHIBIT C

to comply with the document production request to February 29, 2008 due to Mr. Ord's continuing health problem, travel restriction, lost files, and lack of cooperation from other relevant parties. I informed Defendant's counsel of this new request. Defendant's counsel indicated that he is unwilling to agree to the extension unless the Court grants extension of the discovery deadline to all parties.

10. On or about January 24, 2008, Defendant's counsel informed me that the government would like to respond to the motion separately.

11. The above statements are based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Dated: January 24, 2008

Jenny C. Lin-Alva

T:\Clients\7067\Claims Court\motion to extend di deadline - Lin-Alva Decl.doc



EXHIBIT C

ORD & NORMAN
ATTORNEYS AT LAW

233 SANSOME STREET
SUITE 1111
SAN FRANCISCO, CALIFORNIA 94104-2317

TELEPHONE: (415) 274-3800
FACSIMILE: (415) 274-3838

OTHER OFFICES

LOS ANGELES

AFFILIATED OFFICES

ATLANTA
NEW YORK
BASEL, SWITZERLAND
HONG KONG

January 3, 2008

**VIA FACSIMILE AND MAIL**

Jeffrey M. Verdon
Jeffrey M. Verdon Law Group, LLP
19100 Von Karman Avenue, Suite 950
Irvine, CA 92612

Re: Bruce Elieff – Austin Investment Fund, LLC v. USA

Dear Mr. Verdon,

As you are aware, we are representing Mr. Elieff in the above litigation in the Claims Court.

The government has requested Mr. Elieff to produce certain documents relating to his indirect investment in Austin Investment Fund, LLC. The document production request is enclosed. We believe that you possess documents that are relevant to this document production request.

Can you please promptly provide us with all of the documents relevant to the document production request? We will reimburse your reasonable copying costs. If any documents are being withheld, please provide us with a log and an explanation as to why the document is being withheld.

Your immediate attention to this matter is requested as the deadline for complying with the document production request is January 22. We would appreciate it if you can provide us with the documents by January 16.

Sincerely,

Jenny C. Lin-Alva

cc: Bruce Elieff (via facsimile)

ORD & NORMAN
ATTORNEYS AT LAW

OTHER OFFICES
LOS ANGELES

233 SANSOME STREET
SUITE 1111
SAN FRANCISCO, CALIFORNIA 94104-2317

TELEPHONE: (415) 274-3800
FACSIMILE: (415) 274-3838

AFFILIATED OFFICES
ATLANTA
NEW YORK
BASEL, SWITZERLAND
HONG KONG

January 15, 2008

**VIA FACSIMILE (202) 514-9440**

Robert J. Higgins
Trial Attorney
Court of Federal Claims Section
U.S. Department of Justice, Tax Division
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Re: Austin Investments Fund, LLC, et al v. Bruce Elieff, et al.

Dear Mr. Higgins,

Please find attached a letter from Mr. Ord's doctor. Regarding the latest installment of his health problems, he has been out of the office for over a month, except coming in for one-half day once, which caused more problems. His doctor has not recommended a return date. When he does come back to work, he has to work greatly reduced hours.

We request another three weeks extension to February 12, 2008 on the production. We also plan to move the court to extend the discovery cut-off by four months. He would appreciate your not objecting to this motion.

If you do not already know, the Hochman firm plans to withdraw from the case. This will cause more frustration and delay.

Can you please confirm in writing whether you will grant us the extension and whether you will object to our motion?

Sincerely,

Jenny C. Lin-Alva

Jenny C. Lin-Alva
/rrv
Enclosure
T:\Clients\7067\Higgins-04.doc

APPENDIX "B"

East Bay Physicians
Medical Group

Affiliated with Sutter East Bay Medical Foundation

January 7, 2008

RE: Ord, Edward
DOB: 7/29/1936

To Whom It May Concern

Mr. Edward Ord, a long-term patient has had some serious health matters in the last quarter of this year and into 2008. He fell down and cracked rib. This injury was complicated by internal bleeding. Subsequently he reinjured it in a second fall. In December Mr. Ord contracted pneumonia. He had been too ill to work in December and currently remains unable to work in January as of this date and perhaps for the next 2 weeks. I have advised him that he must lessen his workload as part of his recovery process. If you have any further questions and feel like to contact me.

Sincerely,

Eric Smith M.D.

Eric J. Smith M.D.
510 204-8150

JAN 10 2008

EXHIBIT D

East Bay Physicians Medical Group

Affiliated with Sutter East Bay Medical Foundation

January 16, 2008

RE: Ord, Edward
DOB: 7/29/1936

Mr. Ord continues to be too ill to travel by air. I would anticipate that this will be the case until at least 2/16/08, at which time we will review the safety and advisabilty of air travel. If you have questions, feel free to contact me.

Sincerely,

Eric Smith M.D.

Eric J. Smith M.D.

EXHIBIT E

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,** | ) | |
| **RICOBENE LLC,** | ) | |
| **TAX MATTERS PARTNER,** | ) | |
| | ) | Docket No. 06-844T |
| **Complainant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA and** | ) | |
| **the INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF INTERVENOR'S MOTION TO EXTEND THE DISCOVERY CUT-OFF DEADLINE**

IT IS ORDERED that Elieff's Motion To Extend the Discovery Deadline is GRANTED.

FURTHERMORE, the discovery cut-off deadline for all parties is extended to and until October 1, 2008.

Dated: January ____, 2008

_____________________________
THOMAS C. WHEELER
JUDGE, U.S. COURT OF FEDERAL CLAIMS