**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,**<br>**RICOBENE LLC,**<br>**TAX MATTERS PARTNER,**<br><br>**Complainant,**<br><br>v.<br><br>**UNITED STATES OF AMERICA and the INTERNAL REVENUE SERVICE,**<br><br>**Defendants.** | ) | Docket No. 06-844T<br>Judge Thomas C. Wheeler |

**PLAINTIFF-INTERVENORS' MOTION**
**FOR A PROTECTIVE ORDER**

Plaintiff-intervenors Bruce Elieff and Kathy Abrahamson (collectively "Elieff") move this Court for an order limiting the scope of the Defendants' document production request served on Elieff. A true and correct copy of Defendants' document production request is attached as Exhibit A.

Elieff requested that the scope be limited by:

1. The document production should be limited to records of Elieff, his accountants, and his lawyers prior to the year 2004; and
2. Elieff should not be required to produce any documents that Elieff has already provided to the Internal Revenue Service, including during the audit, which started in 2005.

As grounds, Elieff states:

1. Elieff's counsel conferred with the Defendants' counsel last year in a good faith attempt to resolve the matter without resorting to the filing of a motion. Defendants' counsel stated that the defendants would oppose a motion excluding the legal files herein created years later.

However, Defendants' counsel agreed last year that Elieff need not produce any document previously provided to the Internal Revenue Service. See Declaration of E.O.C. Ord, ¶2, attached as Exhibit B.

2. The instant civil action involves the year 2002. The civil action involves the China distressed debt operation which created items of loss at the entity level, which the Internal Revenue Service ("IRS") has disallowed.

3. The year 2002 is when Elieff made the investments in Bulldog Investment Funds, LLC ("Bulldog"), which then, in turn, invested in Austin Investment Funds, LLC ("Austin"). The year 2002 is the year that the loss was passed out to Elieff from Austin. Except for a small amount claimed on the 2003 income tax return from 2002, no other investment was made or losses are incurred and claimed for any other year.

4. The issues presented in the Final Partnership Administrative Adjustment ("FPAA") related to 2002 and, as a carryover item on the Elieff return, to 2003. These are the transactional years that may generate and lead to evidence that is relevant and material to the litigation.

5. Defendants' counsel has advised that the general litigation positions in the instant civil action is outlined in the attached IRS Coordinated Issue Paper, which can be found at http://www.irs.gov/businesses/partnerships/article/0,,id=169590,00.html. A true and correct copy of that document is attached as Exhibit C.

6. Reviewing information and documents from the files of his accountants and legal counsel created years after the year the investment was made will clearly not lead to discoverable evidence about the entity transactions that occurred in 2002. This is the only year that Elieff made an investment.

7. Elieff should not be required to bear the effort and expense of causing the preparation of privilege logs for documents created several years after the initial investment was made. For instance, this firm was not retained until late April 2007. Also his earlier counsel the Hochman firm was engaged on or about February 9, 2007. Its documents should not be required to be produced. This will require extensive development of privilege logs, etc. See Exhibit B, ¶3.

8. This motion only seeks to limit the scope of discovery the files of the Hochman firm and the undersigned. This motion does not seek to limit the scope of discovery as to transactional documents and correspondence created before 2004 for anyone. The limit does not seek to bar the production of two or more other counsels who may have rendered tax advice to Elieff prior to Elieff's decision in 2002 to make the investment at issue, specifically –

   a. Jeffrey Verdon, Esq. who has not cooperated with Elieff by responding to the document demand by producing relevant documents (See Declaration of Jenny C. Lin-Alva, ¶¶3-5, attached as Exhibit C to Plaintiff-Intervenor's Motion To Extend The Discovery Cut-Off Deadline, docket sheet entry number 27); and

   b. Altheimer & Gray, which has declared bankruptcy and was liquidated. The records of that firm pertaining to Elieff have been destroyed by the bankruptcy trustee when Ord sought to obtain them in 2007. (See Exhibit B, ¶4)

9. This motion also does not seek to limit the production of relevant transactional documents or correspondence for those years to the extent that the transactional documents or correspondence have not already been provided to the Internal Revenue Service.

10. The document production request, in its current form, is burdensome and oppressive, is cumulative and will not lead to evidence that is relevant or material.

11. In the event this motion is denied, Elieff requests a reasonable time to develop privilege logs.

WHEREFORE, Elieff requests the Court to grant this motion and limit the scope of Defendants' document production request. A proposed order is attached.

Respectfully Submitted,

_/s/ E.O.C. Ord___________

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Tel: (415) 274-3800
Fax: (415) 274-3838
Counsels for Elieff

T:\Clients\7067\Claims Court\motion - protective order.doc