**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,**<br>**RICOBENE LLC,**<br>**TAX MATTERS PARTNER**, | ) | |
| **Complainant,** | ) | Docket No. 06-844T<br>Judge Thomas C. Wheeler |
| v. | ) | |
| **UNITED STATES OF AMERICA and**<br>**the INTERNAL REVENUE SERVICE,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF-INTERVENORS' MOTION FOR A PROTECTIVE ORDER**

## I. STATEMENT OF FACTS

### A. PROCEDURAL FACTS

On or about October 5, 2007, Defendants served on Plaintiff-Intervenors their "First Request To Plaintiff-Intervenor For Production of Documents." Defendants and Plaintiff-Intervenors ultimately agreed to a February 29, 2008 deadline to comply with Defendant's document production request.

Plaintiff-Intervenors filed a Motion To Extend The Discovery Cut-Off Deadline on or about January 24, 2008 ("Motion To Extend Discovery"). This Court granted the motion on or about February 5, 2008.

### B. OTHER RELEVANT FACTS

After performing an exhaustive and diligent search, Elieff has very limited records that have not already been provided to the Defendants via the Internal Revenue Service and which

are being requested in the Defendant's document production request. Elieff has limited records including because of the following reasons:

1. the limited records Elieff had were lost during the move of his company (see Declaration of Angela Brown, ¶¶3-8, attached as Exhibit A to Plaintiff-Intervenor's Motion To Extend Discovery);
2. the managing member of the Tax Matters Partner for Austin has refused to provide a copy of the relevant documents to Elieff, including the operating agreement for Austin (see Declaration of James Weisz, ¶¶4-6, attached as Exhibit B to Plaintiff-Intervenor's Motion To Extend Discovery) and did not even provide a copy to Elieff of the documents it produced pursuant the Defendants' document production request (see Declaration of E.O.C. Ord ("Ord Decl."), ¶5, Exhibit B to this motion, Appendices A and B);
3. Jeffrey Verdon, who provided tax advice to Elieff, has refused to provide relevant documents in his file to Elieff (see Declaration of Jenny C. Lin-Alva, ¶¶3-5, attached as Exhibit C to Plaintiff-Intervenor's Motion To Extend Discovery); and
4. the law firm of another attorney who provided tax advice to Elieff has declared bankruptcy and the relevant records were destroyed by the bankruptcy trustee (see Ord Decl., ¶4, attached as Exhibit B to this motion).

## II. ARGUMENT

### A. DOCUMENTS CREATED AFTER 2003 IN THE FILES OF ELIEFF'S CURRENT COUNSEL AND THE HOCHMAN FIRM WILL NOT LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE BECAUSE THEY ARE NOT RELEVANT TO THE ISSUES IN THIS CASE

One central issue in this case is the parties' intent in entering into the investment. Elieff invested in Bulldog in 2002, which then invested in Austin in the same year. Thus, documents

created after 2003 would not shed light on Elieff's or Bulldog's intent in entering into the transactions in 2002.

In a criminal tax case, the Eleventh Circuit held that the testimony of the defendant's tax advisor as to communications after the commission of the crime would not be relevant as to the defendant's state of mind at the time the crime was committed. *See U.S. v. Looney*, 152 Fed. Appx. 849 (11th Cir. 2005). In *Looney*, the defendant was charged with two counts of filing a false tax return for the years 1995 and 1996 and one count of willful failure to file tax return for the 1997 year. *Id.* at 851. The defendant consulted a tax attorney in 2003 after he was notified that he was under investigation by the IRS. *Id.* at 852. The defendant wanted to call the tax attorney as a witness to offer testimony about the defendant's misguided beliefs as to unincorporated business trust organizations. *Id.* at 856. The District Court refused to allow the tax attorney as a witness. *Id.* at 852. On appeal, the Eleventh Circuit agreed that the tax attorney's testimony was properly excluded because the tax attorney's advice to the defendant subsequent to the commission of the offense "would have been irrelevant to [the defendant's] state of mind at the time of the offense." *Id.* at 856.

Similarly in this case, any documents created after 2003 will not shed light on Elieff's intent at the time he entered into the transaction. At most, 2003 may be relevant because it is closer in time to the transactions at issue. Both the Hochman firm and Elieff's current counsel were retained only after the audit began. The Hochman firm was engaged in February 2006 and Elieff's current counsel was engaged in April 2007. Any documents or correspondence in the files of these two counsels that were not created before 2004 would be too removed from the 2002 year that is at issue here to have any relevance.

### B. THE DOCUMENT PRODUCTION REQUEST IS UNREASONABLY CUMULATIVE AND UNDULY BURDENSOME TO THE EXTENT THAT IT REQUIRES ELIEFF TO REVIEW THE FILES OF THE HOCHMAN FIRM AND ITS CURRENT COUNSEL AND THEN CREATE A PRIVILEGE LOG EVEN THOUGH THE TIME PERIOD FOR WHICH THE DOCUMENTS ARE BEING SOUGHT ARE IRRELEVANT.

"[T]he proper standard for discovery requests is to 'balance the burden on the interrogated party against the benefit to the discovering party of having the information.'" *P.G. & E. v. U.S.*, 69 Fed.Cl. 323, 325 (2005). The discovery must be as to matters that are relevant to the claim or defense of any party. However, the court has discretion to limit discovery if the discovery sought is unreasonably cumulative or unduly burdensome or expensive. Since discovery may be obtained only as to matters that are relevant to the claim or defense, it is cumulative, unduly burdensome, and imposes an unnecessary cost to Elieff to have counsel review the files of two counsels which do not contain relevant information as to the transactions in 2002. Elieff has agreed that any transactional documents as found in the files will be produced.

## III. CONCLUSION

The document production request in its current form seeks documents created in time periods that will not lead to the discovery of admissible evidence. Documents created years after the transactions at issue do not shed light on what occurred when the transactions were entered into. Furthermore, requiring Elieff to review the files of two counsels for documents created several years after the transactions at issue were entered into is unduly burdensome, cumulative, and imposes an unnecessary expense because such documents have no relevance to the transactions at issue and would be privileged.

Therefore, the Court should grant Elieff's motion to limit the scope of Defendant's document production request. If this motion is denied, to grant a reasonable time to prepare logs, etc.

Respectfully Submitted,

_/s/ E.O.C. Ord___________

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Tel: (415) 274-3800
Fax: (415) 274-3838
Counsels for Elieff

T:\Clients\7067\Claims Court\motion - protective order MPA.doc