**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 06-844 T
(Judge Thomas C. Wheeler)

---

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff-Intervenor,

v.

THE UNITED STATES

Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF-INTERVENOR'S MOTION FOR A PROTECTIVE ORDER**

---

Defendant, the United States, hereby opposes plaintiff-intervenor's, Bruce Elieff and Kathy Abrahamson's, (collectively "Elieff"), motion for a protective order to limit the scope of defendant's discovery requests. Defendant's First Request to Plaintiff-Intervenor for the Production of Documents ("defendant's document request") was reasonable and narrowly tailored to elicit the production of documents that are relevant to the transaction at issue in the above-captioned case. Plaintiff provided a response to defendant's document request that does not comply with RCFC 34(b) and simultaneously filed a motion for a protective order. Plaintiff-intervenor's motion is premature and unnecessary. The Court should deny the motion. In the alternative, the Court should postpone consideration of plaintiff-intervenor's motion until defendant has had time to fully review the documents produced, and determine whether they are a sufficient response to defendant's document request.

## STATEMENT

This is a TEFRA partnership proceeding filed in accordance with Internal Revenue Code § 6226 (26 U.S.C.) and Appendix F, Rules of the United States Court of Federal Claims (RCFC). The court has jurisdiction to review the determinations made in the Notice of Final Partnership Administrative Adjustments issued on September 12, 2006, with respect to the 2002 tax year of Austin Investment Fund, LLC. During 2002, Elieff held an interest in another entity, Bulldog Investment Fund LLC, that was a partner in Austin. Austin apparently continued operating until 2005. Losses reported by Austin on its 2002 return, some of which flowed through to Elieff and were claimed by him on his 2002 and 2003 tax returns. Austin's activities during this period were identified by the IRS as a distressed asset debt ("DAD") tax shelter.

Defendant's document requests were directed toward Elieff's reporting of the losses claimed by Austin on its 2002 partnership return, and all documents "describing, executing, accomplishing, concerning, or relating to" the transaction(s) that generated Elieff's claimed losses. The request included documents describing the foreign investments of the Bulldog and Austin Investment Funds, and the financial and tax advice that Elieff and the investment funds received relating to their tax reporting of the identified transaction(s). To the extent that responsive documents no longer exist, defendant requested a log identifying the documents, and the reason(s) why the documents could not be produced. Exhibit A, *United States' First Request to Plaintiff-Intervenor for Production of Documents*, ¶¶ 1-13.

Defendant served its document request on Elieff on October 5, 2007. Under RCFC 5(b)(2)(B), 6(e), and 34(b) Elieff's response to defendant's discovery request was

due no later than November 7, 2007. At Elieff's request, defendant has consented three times to extensions of Elieff's response due date, up to and including February 29, 2008. On that date, nearly four months after the requests were served, Elieff produced a limited set of documents that were identified as being responsive to defendant's document request. Elieff's response did not comply with the requirements of RCFC 34(b), because Elieff failed to identify which documents were responsive to which request for production. Also contrary to RCFC 34(b), Elieff did not specifically state his objections, or the grounds upon which these objections were made, with respect to any document requests. Instead, Elieff responded with a bulk collection of unidentified documents and a cover letter asserting a blanket objection that Elieff objected to the production of "certain documents". Exhibit B. On the same date, Elieff filed his motion for a protective order.[1]

Elieff claims that his counsel conferred with defendant "last year" to resolve discovery disputes "without resorting to the filing of a motion". Pl.-Int. Motion ¶ 1. Nearly four months before Elieff filed his motion for a protective order, defendant's counsel had a telephone conversation with plaintiff-intervenor's counsel in which defendant stated that its production request sought documents related to the transaction, regardless of when they were created. Elieff made no attempt to revisit this topic when plaintiff-intervenor requested, and received, three enlargements of time to respond to defendant's document request. Defendant first learned of Elieff's interest in a protective order on the date his motion was filed. These facts demonstrate that there was not a

---

[1] Elieff's motion for a protective order requires defendant to dedicate its time to responding to Elieff's motion, rather than evaluating the nature of the limited documentation that Elieff produced without identifying the documents that are responsive to specific discovery requests as RCFC 34(b) requires. Defendant has not determined whether the documents produced are sufficient, and reserves the right to file a motion to compel if it is later determined that Elieff's response contains material omissions.

"good faith attempt" to resolve this matter "without resorting to the filing of a motion" as is required by RCFC App. A at ¶ 10.

## ARGUMENT

### I. Elieff's motion for a protective order is unnecessary, because defendant's document request largely falls within the scope of the protective order he seeks.

Elieff seeks a protective order to limit the scope of defendant's discovery to responsive documents that were created prior to 2004, and exclude documents he claims were already provided to the IRS. Pl.-Int. Motion at ¶¶ 1-2. In fact, defendant's document request refers to documents that relate to 2000, 2001, 2002 and 2003 – years that predate 2004 and fall within the scope of the protective order Elieff seeks. Exhibit A, ¶¶ 1-13. Defendant's document request makes only one reference to a document created at a later date, specifically, Elieff's 2004 Form 1040 which he produced in his limited discovery response dated February 29, 2008. *Ibid.* at ¶ 5. Moreover, tax returns are the only documents defendant has specifically requested which perhaps have already been produced for the IRS. Copies of the requested returns were not included in the administrative file defendant received from the IRS. Consequently, defendant lacks knowledge as to whether these documents were in fact previously produced. Independent of any previous production, Elieff's limited response to defendant's document request included copies of the requested tax returns, rendering his motion for a protective order unnecessary and moot. Exhibit C.[2]

[2] Defendant's Exhibits C, D, E, F and G are copies of the first two pages of the relevant original and amended returns for plaintiff-intervenor's 2002 – 2004 tax years. The first two pages are copied as exhibits to demonstrate the dates (or lack thereof) that defendant refers to in its argument.

## II. To the extent that there are additional documents responsive to defendant's seeks, Elieff has not met his burden of establishing that he is entitled to a protective order.

RCFC 26(c) provides that the party moving for a protective order bears the burden of establishing that it is entitled to the relief it seeks. To the extent that defendant's document request seeks a small number of post-2004 documents that may exist; Elieff has not established that he is entitled to a protective order. On the face of his own pleadings, documents created after 2004 may be relevant and material.

The transaction giving rise to the instant litigation was completed on December 20, 2002. Elieff filed his 2002 tax return on extension, meaning that the tax reporting of the 2002 transaction did not occur until October 15, 2003. Exhibit D. Elieff's tax reporting of the 2002 transaction carried over onto his 2003 tax return. Pl.-Int. Motion at ¶ 3. The copy of Elieff's 2003 return that was produced on February 29, 2008 is not dated. Exhibit E. However, it is reasonable to infer from Elieff's past practice that his 2003 return was filed on extension, no later than October 15, 2004. Elieff also produced amended returns for his 2003 and 2004 tax years. The copies of the amended returns are not dated. Exhibits F and G. Defendant lacks knowledge as to when the amended returns were filed. However, the statute of limitations for filing an amended return is the later of three years from the date the original return was filed, or two years from the date the tax was paid. 26 U.S.C. § 6511(a). Assuming Eleiff's 2003 taxes were timely paid on April 15, 2004, the later of the two dates by which he was allowed to file an amended return was April 14, 2007. If Elieff's 2003 taxes were not timely paid, the statute for amending his 2003 return may even still be open. Any documentation regarding Elieff's decision to amend his 2003 return – a year that he agrees is in issue – is

within the scope of discoverable information that is relevant and material to the instant litigation. Elieff's pleadings clearly demonstrate that relevant discoverable information could have been created after 2004.

Furthermore, the IRS examination of Elieff's tax reporting of the 2002 transaction did not commence until 2005. Pl. Int. Motion at ¶ 2. To the extent that Elieff's communications with his accountants and lawyers during the IRS examination – including the Ord and Norman and Hochman firms – are not privileged, documents related to these communications are within the scope of relevant and discoverable information that is directly related to Elieff's tax reporting of the transaction at issue. To the extent that these communications are privileged, RCFC 26(b)(5)(A) clearly provides that Elieff should have "made the claim expressly", and described "the nature of the documents, communications or things not produced or disclosed". Elieff chose to file a motion for a protective order instead of complying with the Court's rules.

**III. Elieff's argument that defendant's document request is burdensome is without merit.**

Elieff's final argument in support of his motion for a protective order is an unsupported allegation that defendant's document request is unduly burdensome. He suggests that he should not have to bear the cost of preparing privilege logs for documents that may be responsive to defendant's discovery requests and which may have been created subsequent to the transaction, may be in the possession of plaintiff's present or former counsel, or may have already been produced to the IRS. RCFC 26(b), limits discovery to matters that are "relevant" to the claim or defense of any party and permits the court to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Evergreen Trading, LLC v. United States,* 80 Fed.Cl. 122, 135-36 (2007). Unless burdensomeness is demonstrated, the fact that a discovery request may lead to the discovery of documents already possessed does not necessarily bar that discovery. *Ibid*. at 136. The protective order Elieff seeks does not meaningfully limit the scope the defendant's document request. Accordingly, Elieff's compliance with defendant's document request in its current form will impose no greater burden than if his motion for a protective order is granted. His claim that a protective order is needed to avoid the burden of production is without merit.

On the facts presented, Elieff has not demonstrated that he needs protection. Defendant's written discovery was reasonable and narrowly tailored to elicit responsive documents that already fall within the limits on the scope of production that Elieff proposes. If Elieff is aware of, but seeks to avoid the production of, documents that are outside his desired parameters but are otherwise responsive to defendant's document request, then, under RCFC 26, defendant is entitled to a know Elieff's objections, assertions of privilege, and obtain a description of the documents that are being withheld. Elieff's motion would circumvent the rules of the Court by avoiding a response that would include that information. The Court should deny Elieff's motion, or at least postpone its consideration until there is a more complete record upon which to decide whether Elieff needs protection or defendant needs additional responsive documents.

WHEREFORE, defendant respectfully requests that the Court deny plaintiff-intervenor's motion for a protective order.

Respectfully submitted,

s/ Robert J. Higgins

ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044
(202) 307-6580
Fax (202) 514-9440

JOHN A. DICICCO
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven Frahm
Of Counsel

March 17, 2008