IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

---

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

and

BRUCE ELIEFF AND KATHY ABRAHAMSON,

Plaintiff-Intervenors,

v.

THE UNITED STATES,

Defendant.

---

REPLY OF ELIEFF AND KATHY ABRAHAMSON
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

---

FACTS

In November of 2003, the company headquarters of the company owned by Elieff was moved to its current company headquarters, 2392 Morse Avenue, Irvine, CA 92614 in Orange County. This move resulted in all of his files being lost, except for some scraps. See Declaration of Angela Brown In Support of Plaintiff-Intervenors' Motion to Extend the Discovery Cut-Off Deadline, ¶¶3-6.

On October 5, 2007, Elieff was served with a document request.

Elieff's tax advisor, who gave Elieff tax advice in 2002 concerning the investment in issue, was served with a copy of the U.S. document request by this office. However, he never produced any files or documents.

Another firm, Greenberg-Traurig, has refused to communicate at all. See Declaration of Edward Ord (hereinafter "OD") and Exhibit "A."

Elieff made it clear from the outset that he would object to the production of documents from the files of the Hochman firm that handled the IRS discovery compliance audit, and then the undersigned's firm file. Also that Elieff would seek a protective order. This position has never changed. Elieff has done so.

Government counsel said he would oppose it. See OD (this information was provided in the declaration to our earlier Motion for Protective Order). Nothing has changed. The extensions to produce were sought for two reasons: (1) Mr. Ord's multi-month, very serious illness, and (2) to make long term efforts to:

(a) See if files that had been misplaced during the move could be found so they could be produced; and

(b) See if Mr. Verdon and Greenberg-Traurig would agree to provide documents. The efforts in (2), if successful, would have accrued to the benefit of the U.S., and not to its detriment. See OD.

Elieff was not required to produce any documents provided to the U.S. in the past by himself or the Hochman firm as per an agreement with the U.S. This included documents produced in the extensive audit for the years 2002 – 2004.

ARGUMENT

Introduction

Before replying in detail to Arguments I through III in the Opposition of the United States, Elieff believes that he should set out his affirmative positions in a complete, comprehensive manner. This belief is due to the great confusion Elieff has experienced in reading and trying to understand the three arguments presented by the U.S. – no offense intended. Then with the comprehensive affirmative positions set out, to tailor the Elieff reply based on the comprehensive, affirmative positions. This should clear up any confusion.

Comprehensive Positions

Federal Rules of Civil Procedure Rule (FRCP) 26(b)[1] limits the scope of discovery under a document production request. The scope is limited to documents reasonably calculated to lead to admissible evidence.

Rule 26(c) authorizes this Court to limit a document production request beyond the 26(b) scope limitation criteria. Our position is that Rules 26(b) and (c) preclude the production of post-2004 generated legal files of the Hochman firm and Ord & Norman.

The application of Rule 26, including (c), is left to the enlightened discretion of this Court. See *Deitchman v. E.R. Squibb & Sons*, 740 F.2d 556, 566 (7th Cir. 1984). This Court can issue any protective order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. The limits on discovery vary with the need of the party seeking discovery. See *United Airlines, Inc. v. U.S.*, 26 FRD 213, 219, n.6 (D. Del. 1960) referring to n.3 and the text of the opinion at p. 215 stating the Court can establish any restrictions that the particular circumstances necessitate. Also, n.3 cited to *United States Air*

[1] The District Court and Circuit Court opinions are considered by this Court because (a) this Court's subject matter jurisdiction is concurrent with the U.S. District Courts. See *Honeywell Intern. Inc. v. U.S.*, 71 Fed.Cl. 759, 761 n. 1 (2006) *citing American Maritime Transport, Inc. v. United States*, 870 F.2d 1559 (2nd Cir. 1989) and (b) Rule 26 of the Rules of the Court of Federal Claims is exactly the same as FRCP 26.

*Lines, Inc. v. U.S.*, 186 F. Supp. 824, 828 (D. Del 1960); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985).

In considering a protective order, the courts are encouraged to be as inventive as the necessities of a particular case required to achieve the purpose of the rule. See *Tahoe Insurance Co. v. Morrison-Knudsen Co.*, Inc., 84 F.R.D. 363, 364 (D. Idaho 1979).

This refund civil action revolves around activities of actors at the entity level, in particular at the Austin Investment Fund, LLC ("Austin") level for 2002. See Appendix A, *infra*. Elieff invested in 2002 through a higher tier partnership Bulldog Investment Fund, LLC ("Bulldog"). No assertion has been made or could be made that Elieff was active or participated at the Austin or Bulldog level. This was the job of the Tax Matters Partner ("TMP"). Elieff was an investor. The documents that are reasonably calculated to lead to admissible discovery are those in 2002 reflecting the following:

(a) Elieff's actions in 2002,

(b) The advice Elieff received from tax lawyers, investment advisors, in 2002

(c) Or others in 2002,

(d) Including conversations, emails, letters, transactional documents and materials supplied by the TMP, etc., along with other circumstantial evidence occurring in 2002,[2] the only year, he invested.

(e) This included any documents of least two tax lawyers.

Elieff has not objected or even asserted any privilege of any kind over any of these communications in writing with <u>anyone</u> in 2002 or 2003. This includes the lawyers and his CPA!

---

[2] Any flow through of loss in 2002 that was not applied on the 2002 tax return was applied in 2003. However, there was no further investment by Elieff after 2002. This fact is not in dispute.

The above-described documents are the documents the U.S. needs in defending the civil actions involving the investment at the entity level. This litigation also is limited to the issues and activities at the entity level in 2002. Elieff has never participated at this level.

The U.S. also conducted an exhaustive audit of Elieff for 2002-2003. He cooperated fully through the very reputable Hochman law firm.[3] Elieff produced all records and answered the informational requests to the extent he had records or information. He was represented by the Hochman firm. Our engagement started in February 9, 2007.

The audit for the 2002-2003 years was conducted by the IRS with the full cooperation of Elieff. All informational requests and record demands were honored to the extent that Elieff could produce them and were produced. To our knowledge, the U.S. does not dispute the above. These files reflect the document production requests and informational requests of the United States for the 2002-2003 audit and the production of documents, all of which were answered.

The files of Ord & Norman are even more removed from the year 2002-2003. Activities seeking these files are not reasonably calculated to lead to admissible evidence. The indexing of the files of both firms will be extremely time-consuming, expensive and require the onerous task of determinations of attorney-client privilege and/or work product privilege. It will also be cumulative of discovery done and provided in the past.

We have agreed to produce any transactional 2002-2003 records not yet produced.

We asked this Court issue a protective order excluding the above-referenced files from the scope of the document production request in the event this Court does not agree that the 26(b) limitation regarding "reasonably calculated to lead to admissible evidence" precludes production of these post-2003 generated files.

---

[3] Mr. Nathan Hochman is currently the Assistant Attorney General of the United States, U.S. Dept. of Justice for the Tax Division, trial counsel's ultimate superior.

We now turn to a detailed reply by using the same numbers used by the United States in its reply but using different argument captions.

## I. ELIEFF SEEKS TO EXCLUDE THE HOCHMAN AND ORD & NORMAN FILES AT THIS TIME ON A BASIS DIFFERENT FROM ANY PRIVILEGE.

With all due respect, Elieff has difficulty understanding the United State's argument of I at all. Elieff finds it confusing. Whatever the argument is, the argument misses the point that the files should not be produced at all.[4]

We believe the detailed affirmative fact and legal argument set out in the introduction demonstrates that the above I argument is non-responsive to the grounds asserted by Elieff. In short, valid basis exists for the exclusion of these discrete law firm files that were first generated years later for specific purposes, well after the 2002 investment or advice on investment in 2002 occurred.

Elieff wants all of the above-referenced files 100% excluded on a basis other than for privilege.[5]

On page 4, the U.S. appears to concede that the protective order should be granted by stating:

> Elieff seeks a protective order to limit the scope of defendant's discovery to responsive documents that were created prior to 2004, and exclude documents he claims were already provided to the IRS. Pl.-Int. Motion at ¶¶ 1-2. <u>In fact, defendant's document request refers to documents that relate to 2000, 2001, 2002 and 2003 – years that predate 2004 and fall within the scope of the protective order Elieff seeks</u>. Exhibit A, ¶¶ 1-13. Defendant's

[4] On page 4 right under I, the U.S. states: "Elieff seeks a protective order to limit discovery to responsive documents that were created prior to 2004." Incorrect! Elieff seeks to exclude <u>only</u> the files of the Hochman firm and the Ord & Norman firm generated on or after January 1, 2004.

[5] The assertion of privilege is premature at this point. If the motion is granted, there is no necessity to assert privilege, which has to be done on a document-by-document basis. In fact, the purpose of this motion is to avoid this onerous exercise. Furthermore, nowhere is it required under FRCP 26(c), which sets forth the requirements for a protective order, that a party seeking a protective order is required to assert a claim of privilege for each of the documents it seeks to protect from discovery.

> document request makes only one reference to a document created at a later date, specifically, Elieff's 2004 Form 1040 which he produced in his limited discovery response dated February 29, 2008. Ibid. at ¶ 5. Moreover, tax returns are the only documents defendant has specifically requested which perhaps have already been produced for the IRS. Copies of the requested returns were not included in the administrative file defendant received from the IRS. Consequently, defendant lacks knowledge as to whether these documents were in fact previously produced. Independent of any previous production, Elieff's limited response to defendant's document request included copies of the requested tax returns, rendering his motion for a protective order unnecessary and moot. Exhibit C.

(Emphasis added.)

First, the above underlined admission provides a basis, standing alone, for the protective order.[6]

Therefore, the Court should issue the order.

Despite that dramatic admission that the document production does not cover these files and they fall within the requested protective order as the Hochman files and Ord & Norman files were created after 2000-2003, Elieff wishes to clarify some additional inaccurate statements on page 4. On page 4, the U.S. states: "Elieff seeks a protective order to . . . exclude documents he claims were already provided to the IRS."

Incorrect. The U.S. has already agreed that Elieff is not required to produce any responsive documents already provided to the U.S. Since the U.S. has already agreed to this partial exclusion, we are not seeking a detailed protective order on this point. So it is moot. As

[6] We noticed on page 3 of the U.S' Response in Opposition to our Motion for Protective Order, the U.S' assertion that we failed to comply with the requirements of RCFC 34(b) because "Elieff failed to identify which documents were responsive to which request for production." This issue is beyond the scope of the Motion for Protective Order. Furthermore, the government has issued only one document production request to us. However, it is always our intention to cooperate fully with the government and take up as little of the Court's valuable time as possible. We believe this matter would best be handled by the U.S. writing us a letter requesting the additional descriptive information sought, which we will gladly provide.

indicated, we are seeking a blanket exclusion of all of the files on another valid, compelling basis.

The reasons why we seek the blanket exclusion is that the Hochman firm represented Elieff in an audit for the years 2002-2003 where it was bound to have documents or letters that reference or relate to 2002-2003. Yet, the discovery of these documents is not calculated to lead to admissible evidence or are not needed. Here are three hypothetical examples:

> (1) A faxed IRS note from the IRS: "Dear Mr. Hochman, please ask Mr. Elieff, to look again for his missing files on the investment for 2002."
>
> (2) A message slip reflecting a call from an IRS Agent. "Auditing agent called about 2002 records"
>
> (3) Transmittal letter. "The records called for in IRS Audit Document Production Requests 1-8 are enclosed."

For the Ord & Norman files in preparation for litigation there is bound to be references to files, such as trying to locate the 2002 firm files that were destroyed at the end of the Chapter 7 proceeding of the national law firm, seeking information of a historical nature, etc. However, for both of the firms none of these files are reasonably calculated to lead to admissible evidence. Also, the U.S. does not need these files.

On page 4, the U.S. states:

> Defendant's documents request makes only one reference to a document created at a later date, specifically, Elieff's 2004 Form 1040 which he produced in his limited discovery response dated February 29, 2008. *Ibid*. at ¶5. Moreover, tax returns are the only documents defendant has specifically requested which perhaps have already been produced for the IRS. Copies of the requested returns were not included in the administrative file defendant received from the IRS. Consequently, defendant lacks knowledge as to whether these documents were in fact previously

> produced. Independent of any previous production, Elieff's limited response to defendant's document request included copies of the requested tax returns, rendering his motion for a protective order unnecessary and moot. Exhibit C.

Besides not understanding this argument, it contains two incorrect factual/legal assumption, i.e., (1) that the Internal Revenue Service is not part of the defendant United States government; and (2) that the filing of the original executed and dated Elieff returns for 2002 and 2003 with the IRS and the filed K-1 was not a prior production. It was. The originals filed with the U.S. are the best evidence of the documents. Elieff's copies are not reasonably calculated to lead to admissible evidence. Also, the U.S. does not need a copy if it has the originals, which it does not deny.

## II. THE UNITED STATES HAS CHOSEN THE VERY RISKY ELECTION TO RELY ON THE THIN REED ARGUMENT THAT ELIEFF FAILED IN MEETING THE BURDEN UNDER FRCP RULE 26. THEN, THE U.S. FAILS TO EXPLAIN OR PROVIDE ANY VALID BASIS WHY AND HOW ELIEFF HAS NOT MET THE BURDEN.

Elieff produced what he had that had not been provided to the IRS in the audit. In light of the above, there is no need to seek the files of the firm that represented Elieff in complying with the earlier discovery requests absent a sworn allegation that the Hochman firm had committed a malfeasance or withheld records. The Ord & Norman files generated in 2007 are even more far removed based on any need of the U.S.

First, the U.S. ignores the fact that the burden under FRCP 26(c) varies based on the needs of the U.S. to obtain the legal files. See cases cited above on p. 3. Elieff has shown that there is no need for these files by the U.S. In light of the prior discovery compliance, the U.S. has failed to show any need. Also, the U.S. acknowledged as set out above on p. 7 that the Hochman-Ord files are not covered by the document request.

We express complete confusion over the U.S' arguments made on page 5-6 until the first full paragraph starting "Furthermore" on page 6.

As indicated above, the U.S. has the original fully-executed and dated tax returns of Elieff, along with a transcript of the filing dates, payments, extensions, etc. The IRS sends to the Tax Division of the U.S. Department of Justice as part of the administrative file a Certificate of Assessment and Payments, and other specified information that has been certified as the official record by an IRS official. (Form 4340) See OD Exhibit A (attaching an official Form 4340. This certified form is presumed to be correct. See *Fulgoni v. U.S.*, 23 Cl. Ct. 119, 126 (1991) citing to *Rocovich v. U.S.*, 933 F.2d 991, 994 (Fed. Cir. 1991)). The trial attorney can get a more elaborate Form 4303 transcript of account with even more detailed information. *Fulgoni* at 126. Thus, all of the arguments about the need of Elieff's returns, date, filing, payments etc. are irrelevant as the U.S. has them in certified form. Instead, counsel should open the administrative file and look at Form 4340 or Form 4303 if they want more detail. Form 4340 is for litigation. *Fulgoni* at 126. Also, counsel should call IRS Chief Counsel and ask for it.[7] See OD.

The argument that returns were not supplied in the administrative file by the IRS to the Justice Department when the file was sent over to the Tax Division for defense does not demonstrate a valid need for discovery. This administrative file argument ducks the controlling fact that the defendant is the United States of America (the whole government). The U.S. has the original executed returns that were filed, including the filing date, and computerized transcripts of filings and payments, etc., which normally are in the administrative file sent over in the form of a Form 4340. See OD. The failure of the U.S. to include them in the administrative file of the U.S. is an internal problem with the government and should not be made the problem of the Court or Elieff. This administrative file argument certainly does not provide a basis to support

[7] Trial counsel does not assert that these Forms were not in the administrative file.

the thin reed assertion that Elieff has not met his burden or any other basis for denying Elieff's motion.

We submit that the Court should disregard the U.S' statements on pp. 5-6. If anything, these arguments demonstrate a lack of advancing any reasonable basis to suggest Elieff has not met its Rule 26 burden.

On page 6, we address the last paragraph before section III, starting with "Furthermore." This argument is 100% inconsistent with the admission of the U.S. quoted above on p. 7 showing that the U.S. has admitted that the Hochman and Ord legal files need not be produced, as the files are not covered by the document production request. They fall within a valid protective order as the request involves records generated after 2000-2003, which is admitted to be outside the scope of the document production request.

This argument has a silent incorrect assumption that this Court cannot issue a protective order other than based on privilege. This is not correct. Elieff is entitled to seek a blanket protection order other than based on privilege. See *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985), (rejecting this argument by stating: "Rule 26(c) gives the… [Court] discretionary power to fashion a protective order. This decision does not depend on the existence of a legal privilege.")

We are then told that we should have asserted privilege. See p. 6 of the U.S' opposition. This is incorrect. First, any assertion of privilege is premature. As indicated in p. 8 above, we are seeking a blanket exclusion of the files.

If we lose the motion for a blanket exclusion other than on privilege, then Elieff and counsel have to assert the privilege. The privilege has to be asserted document-by-document. We cannot assert blanket privileges over files. Blanket assertion of privilege is unknown to the

Federal common law. See *Midwest Milk Monopolization Litigation,* 60 F.R.D. 12, 17 (W.D. Mo. 1973). We have indicated to this Court that if we lose this motion, we would then need time to develop a privilege log, and then make a record for documents not produced. Once asserted on a document-by-document basis, then, it will be up to the U.S. to file any appropriate motions to compel.[8]

We have made a compelling showing that these redundant, cumulative files generating documents years after the crucial 2002 year should be excluded. The basis is the Rule 26(b) criteria in combination with Rule 26(c) tied to this Court's enlightened discretion based on common sense, and the U.S.'s lack of a need to compel the files be produced clearly shows that Elieff has sustained his burden.

## III. THE REQUEST TO HAVE TO INDEX THE FILES IS UNNECESSARY, NOT NEEDED, HAS BEEN SHOWN TO BE BURDENSOME AND WILL BE EXPENSIVE.

The U.S. overlooks that it is seeking the Hochman files, which was all about complying with providing information and documents in an audit under the Internal Revenue Code for the year 2002, etc. that the IRS received.

The U.S. has not provided any declaration that it believes the Hochman firm withheld documents, etc. There is simply no proven, verified need for production of these files or the Ord & Norman files which are even more remote from 2002.

The U.S. argument is contrary to the wording of Rule 26(c) and the relevant case law. In *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985), the protective order was upheld under an abuse of discretion standard. The Court held that since the movant had already given enormous quantity of information in discovery previously, the lower court

[8] This motion, if successful, moots the necessity of asserting any privilege and this is the purpose of the motion. Any need to assert privilege is premature. If the motion is denied, good cause has been shown for the extra time needed to then assert privilege on a document-by-document basis.

properly limited the document requests in the protective order as the remaining documents or information were not needed by the requestor in light of the prior productions, etc.

This is analogous to the Elieff situation. The IRS audited the daylights out of Elieff. Elieff and the Hochman firm cooperated in providing information as well as requested documents. Now, the U.S. wants the production of files involving the prior discovery already produced!

As demonstrated above, this Court can issue a protective order on any basis, including, e.g., lack of need by the U.S.

The argument on p. 7 of the U.S.' opposition that Elieff's compliance with the U.S. document request will impose no greater burden than if the protective order is granted is incorrect and defies common sense. Besides not being correct or even if proven to be correct, the exclusion of these files will eliminate the burden of the time-consuming task of detailing an index for privilege purposes, develop detailed privilege for each document, then itemize the records previously provided to the IRS and from the IRS that has been agreed need not be produced. There is no need in light of all of the past discovery compliance with the U.S. in and out of court. The Court should consider that Elieff has not asserted <u>any</u> objection to production of legal and accounting files or any other documents concerning the investment in 2002 (or even 2000-2001), cooperated fully in the audit, lost his files, was not involved in the operation of the investment, the TMP will not give him his files (even the files when produced to the U.S. in this litigation) and that Elieff is relying on the U.S. to obtain the documents needed to meet his burden of proof on the litigation!

We take issue with the statement on pp. 7-8 as follows:

> The Court should deny Elieff's motion, or at least postpone its consideration until there is a more complete record upon

> which to decide whether Elieff needs protection or defendant needs additional responsive documents.
>
> WHEREFORE, defendant respectfully requests that the Court deny plaintiff-intervenor's motion for a protective order.

We have a better solution. This Court should issue the protective order. In the order, provide that if the U.S. later can demonstrate a compelling special need for discrete documents from the legal files, which cannot be met by the productions to date or by deposition discovery, the U.S. will have a right to move for access. This enables the case to go forward and give the U.S. even more time to come back, if necessary. A new proposed order is attached.

CONCLUSION

The motion should be granted. The new protective order with the right of the U.S. to seek documents for the files based on a later demonstrated need adequately meets any concerns of the U.S. about more time to look at the past and current production. Also, the U.S. can inquire of Elieff and others in deposition and still have reserved this right.

It is time to move on in this litigation.

Dated: March ___, 2008

Respectfully submitted,

ORD & NORMAN

____________________________
Edward Ord
233 Sansome Street, #1111
San Francisco, CA 94104
(415) 274-3800
Fax: (415) 274-3838