**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AUSTIN INVESTMENT FUND, LLC, RICOBENE LLC, TAX MATTERS PARTNER,**<br><br>**Plaintiff,**<br><br>**and**<br><br>**BRUCE ELIEFF AND KATHY ABRAHAMSON,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA and the INTERNAL REVENUE SERVICE,**<br><br>**Defendants.** | **DOCKET NO. 06-844T**<br>**JUDGE THOMAS C. WHEELER** |

**MEMORANDUM OF POINTS AND LEGAL AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

## I. INTRODUCTION

Edward M. Robbins, Jr. and Sharyn M. Fisk (collectively referred to as "Plaintiff's Counsel"), as counsel of record for Plaintiff Austin Investment Fund, LLC respectfully move the Court for leave to withdraw as counsel on the grounds that there are conflicts of interest. For ease of reference, hereinafter Plaintiff Austin Investment Fund, LLC is referred to as "Plaintiff" or "LLC."

## II.
## FACTS

On or about September 12, 2006, Internal Revenue Service ("IRS") issued a Notice of Final Partnership Administrative Adjustment ("FPAA") for the 2002 tax year to Ricobene, LLC, the tax matters partner ("TMP") of Plaintiff. Pursuant to the FPAA, Plaintiff has one foreign partner and seven U.S. partners, including the TMP. Due to the short period of time remaining in which to file, Plaintiff's TMP authorized Plaintiff's Counsel to file the Complaint before the Court to protect the interests of Plaintiff's partners. Accordingly, on December 11, 2006, the TMP filed a "Complaint for Readjustment of Partnership Items Under Internal Revenue Code Section 6226" with this Court. Although authorized to file the Complaint, Plaintiff's Counsel has no written retainer or agreement with Plaintiff nor does Counsel expect to be retained.

On or about September 14, 2007, Bruce Elieff and Kathy Abrahamson ("Plaintiff-Intervenor") filed a Motion to Intervene Pursuant to Rule 24 of the Court. In Plaintiff-Intervenor's Motion to Intervene, Plaintiff-Intervenor asserted that there is a conflict of interest between Plaintiff-Intervenor and Plaintiff's TMP. On or about September 5, 2007, the Court granted Plaintiff-Intervenor's motion to intervene.

Beginning in February 2006, Plaintiff's Counsel represented Plaintiff-Intervenor with respect to an Internal Revenue Service ("IRS") examination involving the same transaction that is the subject of this case. Plaintiff's Counsel has not entered into any retainer agreement with Plaintiff-Intervenor for services other than the completed IRS examination.

Plaintiff's Counsel believes that there are conflicts of interest. Further, the TMP of Plaintiff has advised Plaintiff's Counsel that the TMP does not want to incur fees or obtain services in the future from Plaintiff's Counsel.

As stated in Plaintiff-Intervenor's Motion to Intervene Pursuant to Rule 24(b), Plaintiff-Intervenor is at least one principal-party-in-interest in this case. Plaintiff's Counsel is not aware of any other persons affected by this action. Plaintiff's Counsel has asked counsel for other partners about the status of their clients' cases and has been told that, of the U.S. partners (excluding Plaintiff), four partners have settled the issues relating to the LLC with the IRS, one partner is currently in settlement discussions with the IRS and is expected to enter into a settlement, and the remaining partner is Plaintiff-Intervenor.

Plaintiff-Intervenor is represented by counsel. Plaintiff-Intervenor's counsel has already entered an appearance as to Plaintiff-Intervenor so that at least one principal-party-in-interest will be represented on a continuous basis.

## III.

## ARGUMENT

The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the court. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Courts have used various guidelines in determining whether to grant or deny an attorney's motion to withdraw, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to

the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. See, e.g., Rusinow v. Kamara, 920 F.Supp. 69, 71 (D.N.J.1996); Haines v. Liggett Group, Inc., 814 F.Supp. 414, 423 (D.N.J.1993); Byrd v. District of Columbia, 271 F.Supp.2d 174, 176 (D.D.C.2003); Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D.Pa.1998).

Plaintiff's Counsel seeks to withdraw, as it believes there are conflicts of interest that cannot be waived. A lawyer may not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to a former client. See, e.g., ABA Model Rules of Professional Conduct, Client-Lawyer Relationship, Rule 1.7 Conflict Of Interest: Current Clients. No Court wants to force counsel to represent clients with divergent interests to the point of an ethical violation. Irwin v. Mascott, 2004 U.S. Dist. LEXIS 28264 (N.D. Cal. Dec. 1, 2004). Further, the TMP of Plaintiff has advised Plaintiff's Counsel that the TMP does not want to incur fees or obtain services in the future from Plaintiff's Counsel. Lastly, Plaintiff has no objection to the relief requested in Plaintiff's Counsel's Motion for Leave to Withdraw as Counsel. Plaintiff's Counsel has good cause for seeking to withdraw as counsel.

Plaintiff's Counsel's withdrawal will not prejudice other litigants. Plaintiff's Counsel is not aware of any other persons affected by this action. Pursuant to the FPAA, Plaintiff has one foreign partner and seven U.S. partners, including the TMP. Plaintiff's

Counsel has asked counsel for other partners about the status of their clients' cases and has been told that, of the U.S. partners (excluding Plaintiff), four partners have settled the issues relating to the LLC with the IRS, one partner is currently in settlement discussions with the IRS and is expected to enter into a settlement, and the remaining partner is Plaintiff-Intervenor. Plaintiff-Intervenor and Plaintiff-Intervenor's counsel has already entered an appearance as to Plaintiff-Intervenor so that at least one principal-party-in-interest will be represented on a continuous basis before the Court. Thus, other litigants will be not prejudiced by Plaintiff's Counsel withdrawal.

Plaintiff's Counsel's withdrawal will not harm the administration of justice. As stated in Plaintiff-Intervenor's Motion to Intervene Pursuant to Rule 24(b), Plaintiff-Intervenor is at least one principal-party-in-interest in this case. Plaintiff-Intervenor is represented by counsel and Plaintiff-Intervenor's counsel has already entered an appearance as to Plaintiff-Intervenor so that at least one principal-party-in-interest will be represented before the Court on a continuous basis. Accordingly, the withdrawal of Plaintiff's Counsel will not harm the administration of justice.

Plaintiff's Counsel's withdrawal will not delay the resolution of the case. The case is not currently calendared for trial. The Court has granted Plaintiff-Intervenor's motion to extend the discovery deadline in this case and issued an Amended Scheduling Order providing that all discovery shall close on April 1, 2009. On or about October 5, 2007, Defendant served its First Request to Plaintiff for Production of Documents. It is Plaintiff's

Counsel's understanding that Plaintiff responded to Defendant's First Request to Plaintiff for Production of Documents in late January 2008. Lastly, as former counsel to Plaintiff-Intervenor, Plaintiff's Counsel has provided documents to Plaintiff-Intervenor to assist Plaintiff-Intervenor in responding to Defendant's First Request to Plaintiff-Intervenor for Production of Documents. Although Defendant takes no position on Plaintiff's Counsel's Motion for Leave to Withdraw as Counsel, it notes that RCFC 83.1(c)(8) provides that a corporation must be represented by an attorney. Plaintiff's Counsel raised the issue of their withdrawal with Plaintiff in late December 2007. Plaintiff has been on notice that Plaintiff's Counsel would request leave to withdraw as counsel and Plaintiff has sufficient time to obtain other counsel. Accordingly, the withdrawal of Plaintiff's Counsel will not delay the resolution of the case.

## IV.

## CONCLUSION

Plaintiff-s Counsel believes that there are conflicts of interest. Further, the TMP of Plaintiff has advised Plaintiff's Counsel that the TMP does not want to incur fees or obtain services in the future from Plaintiff's Counsel. Lastly, Plaintiff's Counsel withdrawal will not prejudice other litigants, cause harm to the administration of justice or delay the resolution of the case.

///

///

WHEREFORE, it is prayed that this Motion be granted.

DATED: June 18, 2008

Respectfully submitted,

/S/ EDWARD M. ROBBINS, JR.
EDWARD M. ROBBINS, JR.

/S/ SHARYN M. FISK
SHARYN M. FISK

HOCHMAN, SALKIN, RETTIG,
TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Tel: (310) 281-3200
Fax: (310) 859-1430

Counsel for Plaintiff
279961.1

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9150 Wilshire Boulevard, Suite 300, Beverly Hills, California 90212.

On June 18, 2008, I served the foregoing document described as **MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** addressed as follows:

Robert J. Higgins
U.S. Department of Justice
Tax Division, Claims Court Section
P. O. Box 26
Ben Franklin Station
Washington, DC 20044-0026
Email: robert.j.higgins@usdoj.gov

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104

__X__ **(BY ELECTRONIC MAIL)** I caused to be delivered by email to the email address(es) of the interested parties noted above.

__X__ **(BY U.S. MAIL)** I caused such envelope(s) to be deposited in the United States mail at Beverly Hills, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2008, at Beverly Hills, California.

/S/JESSICA CRENSHAW
JESSICA CRENSHAW