IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

and

BRUCE ELIEFF AND KATHY ABRAHAMSON,

Plaintiff-Intervenors,

v.

THE UNITED STATES,

Defendant.

PLAINTIFF-INTERVENORS' OPPOSITION TO
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FILED BY PLAINTIFF'S COUNSEL

Plaintiff-Intervenors, Bruce Elieff and Kathy Abrahamson, through counsel, opposes the withdrawal of Plaintiff's counsels Edward M. Robbins and Sharyn M. Fisk (hereafter "the Hochman firm") for the reasons set out below:

As grounds, Plaintiff-Intervenors assert the following:

1. The Hochman firm indicates that it believes there are conflicts of interest that cannot be waived. In its motion it also indicated that "Plaintiff-Intervenor's Motion to Intervene Pursuant to Rule 24(b) asserted that there is a conflict of interest between Plaintiff-Intervenor

and Ricobene, LLC…" Plaintiff-Intervenors are unaware of exactly the conflicts of interest that exist and if they are not waivable. It was the TMP's non-litigation counsel, Thomas A. Cullinan, who asserted that there were conflicts of interest between Plaintiff-Intervenors[1] and the TMP and requested that Plaintiff-Intervenors enter the case and litigate the issues in this case on their own behalf. *See* Plaintiff-Intervenor's Motion to Intervene Pursuant to Rule 24(a), ¶20 and supporting documents. *See also* Lin-Alva Decl., ¶3 filed in support of this opposition. If the Hochman firm seeks to withdraw on this basis, Plaintiff-Intervenors request an opportunity to depose Mr. Cullinan who apparently either knows or is now denying that he ever told us that there were conflicts. Also, Mr. Lieberman who indicated that our allegations in the motion to intervene, including as to conflict, were untrue refused to delineate any conflicts and invited us to depose him. Mr. Cullinan filed a motion on or about July 3, 2008 to replace the Hochman firm as counsel for Plaintiff. Others may also need to be deposed. After the depositions or if depositions are denied, we request the Court to hold an evidentiary hearing to determine any conflicts that exist and, if any, whether the conflicts can be waived. Since Mr. Cullinan may be a witness[2] at trial irrespective of this motion, Plaintiff-Intervenors object to his replacement appearance at all in the case in any event.

2. The Hochman firm has not stated that it has any conflict with Plaintiff. The Hochman firm states that it has not yet been compensated for its services. This fact should not be a bar to further representation. The Hochman firm knew that it may encounter problems as to compensation when it decided to take the case without a retainer. Also, Plaintiff-Intervenors

[1] One of the TMP's non-litigation counsel has denied that Mr. Cullinan said there were conflicts of interest and refused the undersigned counsel's request to set out in a letter the statements made by the undersigned counsel in Plaintiff's Motion to Intervene Pursuant to Rule 24(a) that he felt were untrue, which included allegations as to conflicts. Instead, TMP's non-litigation counsel indicated that we would have to take his deposition. *See* Declaration of Jenny Lin-Alva ("Lin-Alva Decl."), ¶4 *et. seq*.
[2] This determination was made prior to other knowledge that Mr. Cullinan would be seeking to enter the case as counsel.

have offered to compensate the Hochman firm for its reasonable services to the Plaintiff. Therefore, this issue can be resolved.

3. Also, the withdrawal of the Hochman firm and replacement of the Hochman firm with new counsel will delay the proceedings, including discovery. The Hochman firm requested and received a three week extension to answer discovery propounded to the TMP by the plaintiff. We also object to the Hochman firm withdrawing until the extended discovery is answered.

Based on the above, Plaintiff-Intervenors respectfully request the Court to deny the Hochman firm's motion to withdraw at this time. If the Court grants the Hochman firm's motion to withdraw as Plaintiff's counsel, Plaintiff-Intervenors respectfully request that the order require the TMP to obtain new counsel for Plaintiff, other than Mr. Cullinan, by a specific date or within a specific period.

Dated: July 4, 2008

Respectfully Submitted,

Ord & Norman

/s/ Edward O. Ord
E.O.C. Ord
Counsel for Plaintiff-Intervenors

T:\Clients\7067\Claims Court\Opp to Hochman withdrawal.doc