IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

---

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

and

BRUCE ELIEFF AND KATHY ABRAHAMSON,

Plaintiff-Intervenors,

v.

THE UNITED STATES,

Defendant.

---

DECLARATION OF JENNY LIN-ALVA IN SUPPORT OF
PLAINTIFF-INTERVENORS' OPPOSITION TO
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FILED BY PLAINTIFF'S COUNSEL

---

I, Jenny C. Lin-Alva, do hereby declare and state:

1. I am a member in good standing with the State Bar of California.

2. I am an associate at Ord & Norman.

3. On or about June 27, 2007 ("June conference call"), I participated in a conference call with Edward Ord, James Weisz, and an attorney who identified himself as the non-litigation attorney for the TMP. I recollect that person was Thomas A. Cullinan based on a subsequent conference call described in ¶5 *et seq*. below. During the June conference call, Mr. Cullinan

indicated that conflicts of interest exist between Plaintiff-Intervenors (also referred to as "Elieff") and the Tax Matters Partner ("TMP") of Plaintiff.

4. On or about September 4, 2007, I received a call from Mr. Lieberman. He identified himself as Phil Grove's attorney from Reed Smith. He wanted to set up a conference call for September 5, 2007 with Mr. Ord and me. It is my understanding that the TMP is managed by Mr. Groves.

5. A conference call took place on or about September 5, 2007 at approximately 2 pm. Mr. Lieberman indicated that he had another attorney on the phone with him. I believe that attorney was David Fuechtman of Reed Smith.

6. Mr. Lieberman indicated that he was calling our office in response to Bruce Elieff's written request to Mr. Groves to support Plaintiff-Intervenors' motions to intervene. He was uncertain what they could do to help.

7. Mr. Ord indicated to Mr. Lieberman that we would like Mr. Groves to affirm the statements made in Plaintiff-Intervenors' motions to intervene, i.e.:

a. that there are conflicts of interest between the TMP and Mr. Elieff,

b. the TMP has a minority stake in the outcome of the case,

c. there would only be one case,

d. Mr. Elieff would be litigating the tax case, and

e. the TMP asked Mr. Elieff to intervene in the case and take over the litigation.

8. Mr. Lieberman indicated that they could not support the motions as Mr. Ord requested based on the way the motions were drafted.

9. Mr. Ord replied that the motions were drafted based on the representations that were made to us.

10. Mr. Lieberman indicated that he spoke with Mr. Cullinan and Mr. Cullinan had a different recollection of what was said during the June conference call. Mr. Lieberman indicated that Mr. Cullinan did not state that there were conflicts of interest. Mr. Ord replied that Mr. Cullinan did so state and that there were three other individuals on the call that agreed he made those statements. Mr. Ord further explained that during the June conference call our office requested to come in and represent both the TMP and Mr. Elieff. However, Mr. Cullinan indicated that there were conflicts of interest between the TMP and Mr. Elieff so our office could not represent both parties.

11. Mr. Ord indicated that if Mr. Lieberman is correct as to a lack of conflict of interest then there would not be any issue if our office came in the case as counsel for both the TMP and Mr. Elieff. Mr. Lieberman replied by inquiring whether we thought there was any conflict of interest between the two parties. Mr. Ord indicated that he did not see why our office could not represent both parties. However, the burden is on the TMP to let our office know whether any conflict exists and not to shift the burden to our office to make this determination as Mr. Groves would know of any conflicts.

12. Mr. Lieberman then indicated that even if representations were made, they were made by Mr. Cullinan and not Mr. Groves. Mr. Ord replied that it was our understanding, and Mr. Cullinan gave the impression, that Mr. Cullinan was representing Mr. Groves and spoke for Mr. Groves.

13. Mr. Ord further indicated that the TMP can simply file a reply and support the facts they agree were true and leave out the other facts that they do not believe are true. Mr. Lieberman did not respond to this comment. Mr. Ord then requested Mr. Lieberman to set out in a letter to our office today as to what statements they believe were untrue in Plaintiff-

Intervenors' motions to intervene because Mr. Ord has an ethical obligation to notify the court immediately of the possibility that the statements were untrue. However, Mr. Lieberman did not respond. Mr. Ord repeated the request. In response, Mr. Lieberman replied that our office would have to take his deposition.

14. At this time, our office ended the conference call since it was clear that the TMP's counsel would not be cooperating with us.

15. The above statements are made based on personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 4, 2008.

/s/ Jenny Lin-Alva
Jenny Lin-Alva

T:\Clients\7067\Claims Court\Opp to Hochman withdrawal - JLA Decl.doc