IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-844 T
(Judge Thomas C. Wheeler)

---

AUSTIN INVESTMENT FUND, LLC, by and
through its Tax Matters Partner,
RICOBENE LLC,

Plaintiff,

and

BRUCE ELIEFF AND KATHY ABRAHAMSON,

Plaintiff-Intervenor,

v.

THE UNITED STATES,

Defendant.

---

UNITED STATES' RESPONSE TO PLAINTIFF-INTERVENOR'S
MOTION TO ENLARGE THE DISCOVERY PERIOD

---

Defendant, the United States, hereby responds to Plaintiff-Intervenor's motion to enlarge the discovery period set forth in the Court's order dated February 5, 2008, by an additional seven months. Defendant does not oppose the requested enlargement to complete fact discovery but does not agree with the form and content of Plaintiff-Intervenor's motion.

A. **Additional time for fact discovery is justified even though the Court has already granted extensive time for fact discovery**

This is a complex tax shelter in its own right and the Court's prior allowance of 16 months for fact discovery recognized this complexity (May 18, 2007 scheduling order allowed 12 months and February 5, 2008 scheduling order allowed an additional 4 months, until October 1, 2008). The underlying assets are non-performing Chinese loans purchased at a steep discount from their face value but with respect to which tax losses were claimed as if the loans' fair market value at purchase equaled their face value. The foreign origin of these assets implicates both a foreign government and foreign government entities, and foreign private sector organizations– in particular, a Price Waterhouse Coopers office located in Hong Kong. Discovery of these entities, at least by the United States, has not yet begun.

The complexity of the underlying transaction(s) has been compounded by the unusual entrance of a Plaintiff-Intervenor (Elieff) and the apparent conflict between Elieff and the tax matters partner plaintiff who brought this action (Ricobene, LLC, which is owned by Phil Groves.) Moreover, the Plaintiff-Intervenor claims to have lost all his records of his investment in the underlying assets and is thus seeking, in a sense, to discover his own activities by conducting discovery against the United States and the plaintiff Ricobene/Phil Groves.

The United States, of course, was not a party to any of the underlying transactions and whatever documents it has are the result of the Internal Revenue Service audit of Austin Investment Fund, its partners, and the individuals who owned those partners, including Elieff and Phil Groves. In the view of the United States, Plaintiff-Intervenor's motion overstates any discovery disputes between the United States and the Plaintiff-Intervenor and fails to focus on the Plaintiff-Intervenor's claimed loss of all his documents relating to this case, which is

particularly odd since Elieff is a well-established real estate investor and his investments with Phil Groves apparently approached $20 million.

Furthermore, discovery has not progressed smoothly due to the representation issue regarding Ricobene and Phil Groves, which dragged on for months before the recent motion to substitute counsel was filed and subsequently granted, over Plaintiff-Intervenor's opposition.

Finally, Plaintiff-Intervenor requested and received four-months of enlargements to respond to the United States' discovery, which was also prolonged by a motion for protective order that was denied. Plaintiff-Intervenor's counsel also suffered from a serious illness during this period which, of course, contributed to Plaintiff-Intervenor's slow pace of responding to the United States' discovery.

The United States supports the motion for additional discovery, as additional time is required to analyze the documents produced to date by the plaintiff (Ricobene) and the Plaintiff-Intervenor (Elieff) and to conduct depositions of both these parties and non-parties involved in the tax shelter. A total of five to ten fact depositions is a fair estimate at this time.

**B. The motion for enlargement is technically deficient and appears to disguise an underlying discovery dispute among the parties**

1. The Plaintiff-Intervenor apparently failed to consult with the plaintiff and misidentified the defendant

In the United States Court of Federal Claims the only proper defendant is the United States. RCFC 10(a) and 4 (Rules Committee Note). Plaintiff-Intervenor's motion identifies the Internal Revenue Service as a defendant. That is not correct and Plaintiff-Intervenor should not repeat this error in any document filed with the court or served on any party in this action.

Furthermore, the Plaintiff-Intervenor apparently failed to seek the views of the plaintiff,

Ricobene, before filing the motion, although required to do so by RCFC 6.1.

2. Counsel for Plaintiff-Intervenor claims that there are actually two intervenors, Bruce Elieff and his wife, Kathy Abrahamson, which is contrary to the Court's order of September 14, 2007

In contravention of the Court's order allowing Bruce Elieff and Kathy Abrahamson to intervene in this action as a single party, plaintiff's counsel has taken the position during discovery that each is a separate party and thus is allowed to propound separate discovery and respond separately as well. He has done so here by claiming that "Bruce Elieff **and separately** Kathy Abrahamson" (emphasis added) have brought the instant motion.

This stance is contrary to the plain language of the Court's order and to common sense. The motion to intervene did not seek separate status for husband and wife, nor was separate status granted by the Court. Any increase in tax liability ultimately resulting from this proceeding would affect only one tax return, as they filed joint tax returns during the periods at issue. It is even more unreasonable based on the fact, revealed in discovery, that Kathy Abrahamson did not co-own the investments by Bruce Elieff that are at issue here. Plaintiff-Intervenor's counsel apparently adopted this tactic in order to propound an additional 25 interrogatories (the limit for each party unless more are allowed by the Court, RCFC 33). It is a clumsy approach to discovery. It would be more fitting to simply seek leave of Court to propound additional interrogatories, if they could be justified. Both the United States and the plaintiff (Ricobene) have refused to respond to additional interrogatories ostensibly submitted by Kathy Abrahamson.

Plaintiff-Intervenor's discovery abuses also extend to RCFC 34 and 36, where Plaintiff-Intervenor produced separate responses for Bruce Elieff and Kathy Abrahamson to each of

defendant's requests for admissions, interrogatories, and requests for the production of documents, all of which were served on Plaintiff-Intervenor as a single party.

The United States requests that any order extending the fact discovery period make clear to the Plaintiff-Intervenor that Elieff and Abrahamson are a single party, identified by the Court's order of September 14, 2007, as the "Plaintiff-Intervenor."

Respectfully submitted,

August 26, 2008

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Phone (202) 307-6580
Fax (202) 514-9440
robert.j.higgins@usdoj.gov

JOHN A. DICICCO
Acting Assistant Attorney General
STEVEN FRAHM
Acting Chief
Court of Federal Claims Section

August 26, 2008

s/Mary M.. Abate
Of Counsel