**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,** <br> **RICOBENE LLC,** <br> **TAX MATTERS PARTNER,** <br><br> **Complainant,** <br><br> v. <br><br> **UNITED STATES OF AMERICA and** <br> **The INTERNAL REVENUE SERVICE,** <br><br> **Defendants.** | ) | Docket No. 06-844T |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF-INTERVENOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER EXTENDING THE DISCOVERY DEADLINES AND RULING THAT THE ELIEFFS ARE ONE PARTY**

**TABLE OF CONTENTS**

STATEMENT OF QUESTIONS ..................... 1

STATEMENT OF THE CASE..................... 1

ARGUMENT ..................... 2

I. DUE PROCESS REQUIRES THAT ELIEFF AND ABRAHAMSON BE AFFORDED AN OPPORTUNITY TO BE HEARD BEFORE THE COURT MAKES ITS RULING EVEN IF THE COURT DOES NOT BELIEVE THEY WILL PREVAIL. FURTHERMORE, THE ELIEFFS WERE NOT GIVEN AN OPPORTUNITY TO REPLY TO THE UNITED STATES' RESPONSE ON THE CONTINUANCE OR ON THE UNITED STATES' PREMATURE REQUEST FOR THE COURT TO RULE ON THE ISSUE OF ELIEFF AND ABRAHAMSON'S PARTY STATUS ABSENT A PROPERLY FILED MOTION..................... 2

II. ELIEFF AND ABRAHAMSON ARE SEPARATE PARTICIPATING PARTNERS AND SEPARATE PARTIES TO THIS CIVIL ACTION UNDER THE INTERNAL REVENUE CODE, TREASURY REGULATIONS AND THIS COURT'S RULES....... 4

A. TITLE 26 PROVIDES THAT INDIVIDUALS WHO FULFILL THE REQUIREMENTS OF §6226(c) AND §6226(d) MUST BE ALLOWED TO PARTICIPATE IN ANY TEFRA ADMINISTRATIVE AND JUDICIAL PROCEEDING AS SEPARATE PARTIES. ACCORDINGLY, THE COURT SHOULD WITHDRAW ITS RULING..................... 4

B. THE UNITED STATES IS ESTOPPED FROM CHALLENGING THE STATUS OF ELIEFF AND ABRAHAMSON AS SEPARATE PARTIES TO THIS CIVIL

ACTION BECAUSE THE REGULATION ISSUED BY THE TREASURY DEPARTMENT REQUIRES TREATMENT OF ELIEFF AND ABRAHASON AS TWO SEPARATE PARTNERS AND PARTIES ........ 7

C. THIS COURT'S OWN RULES PROVIDE THAT ELIEFF AND ABRAHAMSON SHOULD BE TREATED AS SEPARATE PARTICIPATING PARTNERS IN THIS PROCEEDING IF THE REQUIREMENTS OF §6226(c) AND §§6226(d) ARE MET AND INDICATE THAT THEIR JOINT SUBMISSIONS OF MOTIONS TO INTERVENE DOES NOT DICTATE THAT THEY SHOULD BE TREATED AS ONE PARTY. ........ 8

III. ELIEFF AND ABRAHAMSON WILL BE SEVERELY PREJUDICED IF THE REQUESTED EXTENSION OF SEVEN MONTHS IS NOT GRANTED AND IS FUNDAMENTALLY UNFAIR. MOREOVER, THE CURRENT DEADLINE RESULTS IN FUNDAMENTAL UNFAIRNESS AS WELL. ........ 9

A. ELIEFF AND ABRAHAMSON WILL BE SEVERELY PREJUDICED IF THE REQUESTED SEVEN-MONTH EXTENSION IS NOT GRANTED ........ 10

B. THE CURRENT DEADLINE AND THIS COURT'S DENIAL OF A SEVEN-MONTH EXTENSION RESULTS IN FUNDAMENTAL UNFAIRNESS TO ELIEFF AND ABRAHAMSON ........ 11

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Cases**

Brooke v. U.S., 292 F.Supp. 571 (D.Mont. 1968) ... 8
Callaway v. Commissioner of Internal Revenue, 213 F3d 106 (2d Cir. 2000) ... passim
Dubin v. Commissioner of Internal Revenue, 99 T.C. 325 (1992), acq. 1999-40, I.R.B. 438 ... 6, 8
Nelson v. Adams USA, Inc., 529 U.S. 460 (2000) ... 2, 3, 4
US v. Flynt, 756 F.2d 1352 (9th Cir. 1985) ... 10

**Statutes**

26 USC §6226 ... 5, 6
26 USC §6226(a) ... 4
26 USC §6226(c) ... 4, 5, 9
26 USC §6226(d) ... 4, 5, 9
26 USC §6231 ... 6
26 USC §6231(a)(12) ... 6

**Regulations**

Treasury Regulation §301.6231(a)(12)-1(a)(1) ... 6, 8
Treasury Regulation §301.6231(a)(2)-1(a) ... 8

## STATEMENT OF QUESTIONS

1. Should the Court grant an extension of discovery deadlines by seven-months as agreed to by Plaintiff-Intervenor and Defendant because it would be fundamentally unfair and would severely prejudice Plaintiff-Intervenor if the extension is not granted?
2. Should Bruce Elieff and Kathy Abrahamson be treated as two separate parties to this action with separate rights to participate in the action?

## STATEMENT OF THE CASE

On or about December 11, 2006, Ricobene LLC filed this civil action as tax matters partner of Austin Investments Fund LLC.

On or about August 13, 2007, Bruce Elieff ("Elieff") and Kathy Abrahamson ("Abrahamson") (collectively "the Elieffs") filed jointly three separate motions to intervene under Rules 24(a), 24(b), and Appendix F, Rules 4(b) and (c).

On or about September 14, 2007, the Court granted the Elieff's motion to intervene pursuant to Rule 24(a).

On or about August 25, 2008, the Elieffs filed a motion to extend the discovery deadline by seven months after obtaining an agreement from Defendant's counsel to an extension as the United States was requesting more time. See previous motion for extension filed with this Court.

On or about August 26, 2008, the Defendant filed its response to Elieffs' motion to extend discovery deadlines. Defendant's response indicated that Defendant's counsel did agree to an extension of seven months. However, the response indicated that "Plaintiff-Intervenor's motion overstates any discovery disputes between the United States and the Plaintiff-Intervenor..." and that "[a] total of five to ten fact depositions is a fair estimate at this time." See p. 2 and p. 3 of United States Response To Plaintiff-Intervenor's Motion To Enlarge The

Discovery Period. In addition, the Defendant's response requested the Court to rule for the first time that Elieff and Abrahamson are one party. Therefore, Defendant need not respond to the interrogatories propounded by Abrahamson.

The Court's docket sheet indicates that the Elieffs' deadline for filing a reply to Defendant's response is September 8, 2008.

On or about August 28, 2008, the Court issued an order prior to the filing of a reply by the Elieffs on September 8, 2008. The order granted an extension of the discovery deadlines by four months rather than seven months agreed to and requested by the Defendant and the Elieffs. The order also held that Elieff and Abrahamson are one party and the United States was not required to answer the discovery of Abrahamson.

## ARGUMENT

### I. DUE PROCESS REQUIRES THAT ELIEFF AND ABRAHAMSON BE AFFORDED AN OPPORTUNITY TO BE HEARD BEFORE THE COURT MAKES ITS RULING EVEN IF THE COURT DOES NOT BELIEVE THEY WILL PREVAIL. FURTHERMORE, THE ELIEFFS WERE NOT GIVEN AN OPPORTUNITY TO REPLY TO THE UNITED STATES' RESPONSE ON THE CONTINUANCE OR ON THE UNITED STATES' PREMATURE REQUEST FOR THE COURT TO RULE ON THE ISSUE OF ELIEFF AND ABRAHAMSON'S PARTY STATUS ABSENT A PROPERLY FILED MOTION.

The Court is required to withdraw its ruling on the issue of the party status of the Elieffs due to fundamental unfairness. Also, the Court should reconsider its denial of a seven-month extension on the same basis as the Court ruled before the Elieff had an opportunity to reply within the deadline. The leading case is Nelson v. Adams USA, Inc., 529 U.S. 460 (2000). This case made important corner stone rulings that apply to any civil action.

The Supreme Court stated:

- "The Federal Rules of Civil Procedure [("FRCP")] are designed to further the due process of law that the Constitution guarantees" (Id. at 465);

- "all of the Federal Rules of Civil Procedure must be followed to get a judgment" (Id. at 470) or an order amending a pleading (Id. at 465-6);
- that all parties must be given all of their rights under the FRCP even if it can be shown that the requesting party will not prevail (Id. at 471); and
- that an appeal is not an adequate remedy for an opportunity to defend against the imposition of liability. The trial court should correct the unfairness. (Id. at 466).

Nelson involved a patent infringement civil action. The civil action was dismissed in favor of the defendant Adams USA, Inc. Id. at 463. The District Court granted an award of attorney's fees in favor of the Adams USA, Inc. The defendant was afraid that the plaintiff OCP Corporation might be unable to pay the attorney's fees. Consequently, the defendant moved under FRCP Rule 15 to amend its pleading to add Nelson as a party. Nelson was OCP's president and sole-shareholder. Simultaneously, Adams moved, under Rule 59(e), to amend the fee award judgment to include Nelson.

The District Court granted both motions in full, i.e. simultaneously ordering an Amendment to the pleadings making Nelson a party and then a order subjecting Nelson to judgment as a co-debtor. The Court issued the orders without complying with FRCP Rule 15.

The Court of Appeals for the Federal Circuit affirmed on the basis that no prejudice was shown.

The U.S. Supreme Court granted Nelson's appeal and reversed the Federal Circuit. Id. at 464-465.

The Court held that the order granting amendment of the pleading resulted in fundamental unfairness. Due process as implemented in the FRCP required that a defendant be

given the "right to have *time* and *opportunity* to respond to [request for ruling]." Id. at 469. (Emphasis added).

Regarding the due process rights as implemented in the FRCP, the Court said that the test is "fundamental unfairness." Id. at 470. The Court reversed the Federal Circuit on the basis that prejudice is not required to be shown, i.e. the standard of review is "fundamental unfairness." Here, the United States did not even file a motion to determine the status of the Elieffs. The United States raised the party issue in a reply to a motion to continue for the first time. The Court ruled without learning the Elieffs' position. This is even more egregious than in Nelson where at least motions were filed.

This Court is required to withdraw this ruling and reconsider this ruling. With respect to the denial of the requested seven-month extension, fairness requires the Court to review the reply of the Elieffs and then make a decision on the seven-month request.

## II. ELIEFF AND ABRAHAMSON ARE SEPARATE PARTICIPATING PARTNERS AND SEPARATE PARTIES TO THIS CIVIL ACTION UNDER THE INTERNAL REVENUE CODE, TREASURY REGULATIONS AND THIS COURT'S RULES

### A. TITLE 26 PROVIDES THAT INDIVIDUALS WHO FULFILL THE REQUIREMENTS OF §6226(c) AND §6226(d) MUST BE ALLOWED TO PARTICIPATE IN ANY TEFRA ADMINISTRATIVE AND JUDICIAL PROCEEDING AS SEPARATE PARTIES. ACCORDINGLY, THE COURT SHOULD WITHDRAW ITS RULING.

Section 6226 of the Internal Revenue Code[1] ("IRC") provides for judicial review of Final Partnership Administrative Adjustments ("FPAA"). Section 6226 essentially provides that only one civil action may proceed and provides a priority of which civil action may go forward. However, other partners may nevertheless be parties to the proceeding whether or not they filed any civil action as to the FPAA.

Section 6226(c) provides that as to a civil action brought under §6226(a) or (b):

[1] All references to statutory code sections are to the Internal Revenue Code unless otherwise indicated.

> (1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and
> (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

In addition, §6226(d) imposes the following additional requirements before a partner may be a party to the civil action. That section provides:

> Subsection (c) shall not apply to a partner after the day on which –
> (A) the partnership items of such partner for the partnership taxable year became nonpartnerhsip items by reason of 1 or more of the events described in subsection (b) of section 6231, or
> (B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

If the conditions in these two sections are met, the partner must be allowed to participate in the judicial proceeding.

Section 6231(a)(2)(B) defines a "partner" as including "any other person [who is not a partner in the partnership] whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership." As indicated in previous filings with the Court, Elieff's partner status in Austin is the result of being a partner of Bulldog Investment Fund LLC. However, since Abrahamson files a joint return with Elieff, she is also a partner as her income tax liability is also determined in whole or in part by taking into account Austin's partnership items. As such, Abrahamson satisfied the requirement of §6226(c). Abrahamson also satisfied the requirements in §6226(d) because no events have occurred that end the partnership item status of the amounts at issue in this case and the statute of limitations with respect to assessment against Abrahamson has not yet expired. Consequently, Abrahamson is a separate partner for purposes of a civil action brought under §6226 and must be allowed to participate meaningfully and independently of Elieff.

Moreover, the only section which provides that spouses are to be treated as one person[2] is §6231(a)(12). That section only applies to spouses holding joint interests in a partnership.[3] By implication, this means that spouses who do not hold joint interests in a partnership and who file joint returns are to be treated as separate persons, i.e. separate partners and separate parties.

The reading of §6226 and §6231 to treat Abrahamson as a separate partner and separate party is supported by Callaway v. Commissioner of Internal Revenue, 213 F3d 106 (2d Cir. 2000). In Callaway, the taxpayer's husband held a separate interest in the partnership that was the subject of the TEFRA civil action as the spouses were domiciled in a non-community property state and Callaway had no interest whatsoever in the partnership. Id. at 112. However, Callaway filed joint tax returns with her husband for the years at issue.

In December 1990, Callaway's husband passed away. Id. at 113.

In February 1991, the IRS began auditing the partnership for the 1986, 1987, and 1988 tax years. The IRS previously obtained an agreement from the partnership's TMP that extended the partnership's statute of limitations indefinitely.

On December 23, 1991, Callaway as executrix of her husband's estate mailed three letters to the IRS requesting a prompt assessment.

On October 5, 1992, the IRS issued an FPAA. Id. at 114. The TMP did not contest the readjustment. On March 3, 1993, a notice partner filed a timely petition for readjustment. On July 6, 1995, the Claims Court dismissed the action pursuant to a stipulation.

---

[2] Although §6231(a)(12) uses the word "person," it has been recognized that "the terms 'partner' and 'person' sometimes are used without clear distinction…" Dubin v. Commissioner of Internal Revenue, 99 T.C. 325, 332 (1992), acq. 1999-40, I.R.B. 438.

[3] Note, however, §6231(a)(12) provides for one person treatment except as otherwise indicated by regulation. Reg. 301.6231(a)(12)-1(a)(1), as discussed, below did modify this rule and provides that even in this situation, the spouses will be treated as two separate partners.

In August and September 1993, however, the IRS made "precautionary" assessments against the Callaways as a result of the request for prompt assessment. When the TEFRA proceeding was finalized in 1995, computational adjustments were made in July 1996 as to the Callaways. Notices of deficiency were then issued by the IRS on August 5, 1996.

Callaway filed a petition for redetermination on behalf of the estate and herself on September 11, 1996. On March 10, 1998, the Tax Court ruled that the notices of deficiency were invalid because the request for prompt assessment converted the estate's partnership items into nonpartnership items and thus TEFRA did not apply. Id. at 115. However, the Tax Court held based on Dubin, discussed below, that Callaway's partnership items did not convert to nonpartnership items when the estate's partnership items converted. Callaway filed an appeal on this issue.

In determining the status of partnership items as to Callaway, the Second Circuit discussed Callaway's role with respect to TEFRA proceedings. The Court found that although "[t]he filing of joint tax returns does not alter property rights between husband and wife," "their tax was computed on their aggregate income." Id. at 117. Thus, Callaway was a partner because her 'income tax liability…[was] determined…in part by taking into account…partnership items of the partnership.' Her status "as a partner[] gave her certain notice and participation rights in any partnership proceedings under TEFRA—when those procedures applied."

### B. THE UNITED STATES IS ESTOPPED FROM CHALLENGING THE STATUS OF ELIEFF AND ABRAHAMSON AS SEPARATE PARTIES TO THIS CIVIL ACTION BECAUSE THE REGULATION ISSUED BY THE TREASURY DEPARTMENT REQUIRES TREATMENT OF ELIEFF AND ABRAHASON AS TWO SEPARATE PARTNERS AND PARTIES

The Defendant's counsel has indicated previously that the Elieffs should be treated as one party because they filed a joint return and Abrahamson does not hold an indirect interest in

Austin jointly. See Ord Decl. ¶2, Exhibit A. See also, Declaration of Bruce Elieff ¶3 indicating that Abrhamson does not hold the interest in Bulldog jointly with Elieff. However, Reg. §301.6231(a)(2)-1(a) specifically provides that a spouse filing a joint return "with an individual holding a separate interest in the partnership shall be treated as a partner for purposes of subchapter C of chapter 63 of the Internal Revenue Code [i.e. TEFRA]." (emphasis added). The regulation then stated that such a spouse "will be permitted to participate in the administrative and judicial proceedings." (emphasis added). The clear import of this regulation is that Abrahamson is a separate partner and separate party to the civil action here. Since the government's own regulation treats Abrahamson as a separate partner and party to the civil action, the Defendant is estopped to argue otherwise. Brooke v. U.S., 292 F.Supp. 571, ____ (D.Mont. 1968), amended 300 F.Supp. 465 (D.Mont. 1969), aff'd 468 F.2d 1155 (9th Cir. 1972).

The regulation provides for the same treatment even where spouses hold joint interests in a partnership. See Reg. §301.6231(a)(12)-1(a)(1) providing that "spouses holding a joint interest in partnership shall be treated as separate partners for [TEFRA purposes]…and both [] may participate in [] judicial proceedings."[4] This regulation further supports that Abrahamson is required to be treated as a separate partner and separate party to this civil action. Furthermore, the United States acquiesced in the result of Dubin at 1999-40 I.R.B. 438, which treated spouses holding the partnership interest as community property as separate partners for TEFRA purposes by applying a temporary version of Reg. §301.6231(a)(12)-1(a)(1). If spouses holding joint interests are to be treated as separate partners, there is no basis for treating spouses who do not hold the partnership interest jointly as one partner and one party.

**C. THIS COURT'S OWN RULES PROVIDE THAT ELIEFF AND ABRAHAMSON SHOULD BE TREATED AS SEPARATE PARTICIPATING PARTNERS IN**

[4] This regulation was applied by Dubin, 99 T.C. at 331, when it was only a temporary regulation, to find that spouses holding joint interests in a partnership are to be treated as separate partners.

**THIS PROCEEDING IF THE REQUIREMENTS OF §6226(c) AND §6226(d) ARE MET AND INDICATE THAT THEIR JOINT SUBMISSIONS OF MOTIONS TO INTERVENE DOES NOT DICTATE THAT THEY SHOULD BE TREATED AS ONE PARTY.**

Rule 6(a)[5] provide that "each person who satisfies the requirements of Code Sections 6226(c) and (d)…shall be treated as parties to the action." (emphasis added). Rule 6(b) then provided that only "participating partners," which includes "other partners who have filed either a notice of election to intervene or a notice of election to participate…shall be considered to be parties." As indicated above, Abrahamson has fulfilled the requirements of §6226(c) and (d) and is therefore a partner for this proceeding. The Elieffs also filed a motion to intervene, which was granted by the Court, instead of a notice of election to intervene or to participate since they were never informed of crucial information as to the timing of filing this notice. Consequently, the Elieffs are parties to this civil action.

The Defendant's counsel has indicated that the Elieffs should be treated as one party because of the form they chose to present their motion. See Ord Decl. ¶2. It is unclear what counsel means by this statement. If counsel is referring to the fact that the motion was made jointly, this fact should not be considered by the Court as determinative of this issue. Rule 4(b) specifically provides that a "single notice [of election to intervene or to participate] may be filed by two or more partners" provided that each partner meet the requirements for participation. (emphasis added). If two or more partners may file a single notice and maintain their separateness, there is no basis for why two or more partners may not also make joint motions to intervene and maintain their separateness.

**III. ELIEFF AND ABRAHAMSON WILL BE SEVERELY PREJUDICED IF THE REQUESTED EXTENSION OF SEVEN MONTHS IS NOT GRANTED AND IS**

---

[5] All references to "Rules" in this section refer to the Rules of the Court of Federal Claims, Appendix F, unless otherwise noted.

**FUNDAMENTALLY UNFAIR. MOREOVER, THE CURRENT DEADLINE RESULTS IN FUNDAMENTAL UNFAIRNESS AS WELL.**

**A. ELIEFF AND ABRAHAMSON WILL BE SEVERELY PREJUDICED IF THE REQUESTED SEVEN-MONTH EXTENSION IS NOT GRANTED**

The standard of review that must be met for the grant of a continuance is an abuse of discretion. However, this standard is keyed to a four factor test, which is set out in the commonly cited case of US v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985). The test is mainly for the benefit of the Court's consideration because there are "no mechanical tests for deciding when a denial of a continuance warrants reversal." Id. at 1362.

The four factors are:

A. the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing,

B. the likelihood that the need for a continuance could have been met if the continuance had been granted,

C. the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses, and

D. the extent to which the appellant might have suffered harm. Id.

In Flynt, the District Court refused to grant a continuance of the trial to allow the defendant time to be examined by expert witnesses to assist in his defense. Id. at 1358. The Ninth Circuit indicated that the District Court denied the continuance mainly because Flynt was yelling obscenities at the judge and demanding that he be put in jail. Id. The District Court's decision was reversed. The Ninth Circuit held that the denial of a continuance by the District Court was an abuse of discretion because:

i. Flynt asserted sufficient diligence in trying to secure evidence because the need for a continuance was mainly due to the fact that the three expert witnesses were unable to perform adequate evaluations within the time constraints,

ii. the continuance is needed and would be for the useful purpose of finding and using witnesses to assist in his defense on a legitimate issue of fact,

iii. there would be no cognizable inconvenience to the court or the government given the fact that there would be no scheduling difficulties if the proceedings were re-calendared, and

iv. Flynt suffered extreme prejudice as a result of the court's denial because by denying the court the opportunity to hear testimony from the expert witnesses Flynt would not be able to put forth the only defense that he had.

Our situation is more egregious. The United States needs time and until we have complete discovery, we cannot obtain deposition testimony in full and cannot ascertain the degree of expert opinion. We believe the Ord Declaration shows that the above factors justify a seven-month extension.

## B. THE CURRENT DEADLINE AND THIS COURT'S DENIAL OF A SEVEN-MONTH EXTENSION RESULTS IN FUNDAMENTAL UNFAIRNESS TO ELIEFF AND ABRAHAMSON

On an different basis, the denial of a continuance would be fundamentally unfair. The United States does not know when it will obtain the administrative files from the Internal Revenue Service ("IRS"). See Ord Decl. ¶4. The United States also does not know when it will be able to provide its privilege log to the counsel in part due to the delay of the in receiving these administrative files. Id. Without these and the limited extension granted by the Court, the Elieffs will have to proceed with depositions without the benefit of completing the document

production and review process. The inability to receive the requested documents also impacts on the Elieff's ability to draft addition interrogatories and/or draft requests for admissions.

The United States agreed to a seven-month extension. It is fundamentally unfair for the Court to force the Elieffs to go on all fronts in discovery where the United States is still gathering documents and has not complied fully. The Ord Declaration further demonstrates fundamental unfairness in not granting the agreed to seven-month extension.

The courts in conducting their proceedings are required to conduct them so that the courts are not infringing on the constitutional rights of the parties. The courts are also required to conduct their proceedings in a manner to avoid these types of constitutional issues.

Furthermore, the Elieffs have not yet sought a motion to compel the United States to answer Abrahamson's interrogatories so the party status issue is premature. It was and is fundamentally unfair for the United States to seek and for the Court to make a ruling on this issue without giving the Elieffs an opportunity to be heard.

**CONCLUSION**

Therefore, the Elieffs request the Court to reconsider the motion to extend the discovery deadlines and grant the full seven months, and withdraw its ruling that the Elieffs are one party and not two parties and the United States is not required to answer the discovery propounded by Kathy Abrahamson.

Dated: September 8, 2008

Respectfully Submitted,

/s/ E.O.C. Ord

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
(415) 274-3800
Counsels for Elieff

T:\Clients\7067\Claims Court\motion for reconsideration MPA.doc