IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **AUSTIN INVESTMENT FUND, LLC,**<br>**RICOBENE LLC,**<br>**TAX MATTERS PARTNER,**<br><br>**Complainant,**<br><br>v.<br><br>**UNITED STATES OF AMERICA and**<br>**The INTERNAL REVENUE SERVICE,**<br><br>**Defendants.** | Docket No. 06-844T |

**DECLERATION OF E.O.C. ORD IN SUPPORT OF PLAINTIFF-INTERVENOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER EXTENDING THE DISCOVERY DEADLINES AND RULING THAT THE ELIEFFS ARE ONE PARTY**

I, E.O.C. Ord, declare as follows:

1. I am the same E.O.C. Ord who declared in support of the motion seeking a seven-month extension of the discovery deadlines.

2. Attached as Exhibit A is a true and correct copy of a letter from the legal counsel of the United States dated June 16, 2008, stating that the Bruce Elieff and Kathy Abrahamson (collectively "Elieffs") should be treated as one party because they filed a joint return and that Abrahamson holds a joint indirect interest in Austin. This letter also states that the Elieffs are to be treated as one party because of the form of the motion they chose to present. This letter was received by me and are maintained and held in the ordinary course of business as a record of this firm. I am the custodian of records of the firm.

3. The formal objections to discovery asserted by the United States were received by myself. These documents were and are maintained here at this firm in the ordinary

course of business as records of the firm. I am the custodian of records of the firm. I have received these objections. I have set out in Exhibit B to this Declaration the objections made by the United States in tabular form for the consideration of the Court.

4. The United States' counsel has advised that he does not know when the administrative files will be received from the Internal Revenue Service. Also, the US counsel has advised that the United States cannot do its privilege logs until it gets the entire administrative files.

5. Except for one single objection under the Internal Revenue Code §6103, no privilege logs other than the aforementioned dated August 22, 2008 have yet been provided. This objection was received by me and this document was and is held in the ordinary course of business as a business record by this firm. A true and correct copy of this document is attached as Exhibit C. I am the custodian of records of the firm.

6. Without the Court granting the requested seven months' extension, the Elieffs now must file Motions to Compel as Plaintiffs do not yet have privilege logs, discovery on the government's turnover of administrative files, the government's evolving position, or any other records called for under the Federal Rules of Civil Procedure even if not in the administrative file.

7. The Defendant's counsel has notified us that we are required to get advance permission from the US Treasury Department to depose IRS personnel. In effect, the US is asserting sovereign immunity over witnesses. See summary of the Defendant's objections to Elieff's discovery request in Exhibit B. Our position is that the US is a party and cannot assert sovereign immunity over the Discovery Rules and block the deposition of IRS personal who were involved in the investigation. Our position is that sovereign immunity

is waived by being a party. This waiver includes being subject to all of the Federal Rules of Civil Procedure. This position will be the subject of a motion.

8. Due to the limited extension currently allowed by the Court and the two sets of numerous motions that will have to be filed, the Elieffs will have to start the deposition process without the benefit of full discovery on documents, administrative files, answers to interrogatories, and discovery on the evolving position of the Defendant. This situation creates severe prejudice against the Plaintiff. The Elieffs should be allowed more time to obtain the documents and other discovery. Then, after other privilege logs are obtained and after a study of these documents, time for preparation should be allowed for proper notice and the taking of depositions.

9. We have determined that there will be numerous depositions (more than five) that will be required including depositions of persons outside the United States. This will be influenced, in part, by the evolving position of the United States, then full discovery compliance, and two sets if motions to compel all prior to the taking of depositions. Offshore depositions will take more time to set up and then execute, especially if international service of process is required.

10. The Elieff's counsel, after a long illness, has acted to comply with the discovery of the US to date and made an unsuccessful offer to have informal discovery exchange of information and documents. There are current disputes as to discovery. The Elieffs have been willing to grant additional time to the Untied States and continue to give the US time to comply.

11. We submit that all of the above constitutes severe prejudice due to the limited extension of time now granted by the Court.

12. We submit that the current extension is fundamentally unfair. The reasons include the above and also that the Plaintiff hat the Plaintiff should not receive the additional time that both parties agreed to, which is based on the United States Government need of substantial time to get together and sent all of the records and logs needed to comply with the discovery requests made by the Elieffs.

13. The Elieffs also request the court to take into consideration any motions to compel that are filed prior to its ruing on this motion for reconsideration.

This declaration is based on personal knowledge and is made under penalty of perjury for the purposes of the US Code.

Dated: September 8, 2008 Respectfully Submitted,

_/s/ E.O.C. Ord_______

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
(415) 274-3800
Counsels for Elieff

T:\Clients\7067\Claims Court\motion for reconsideration - Ord Decl.doc