# TABLE OF OBJECTIONS MADE BY THE UNITED STATES TO PLAINTIFF-INTERVENOR'S DISCOVERY

## I. FIRST SET OF INTERROGATORIES

### A. PROPOUNDED BY KATHY ABRAHAMSON

In the United State's response to Bruce Elieff's First Set of Interrogatories on June 16, 2008, the United States in paragraph 1 made the following objection to the interrogatories propounded by Kathy Abrahamson:

> The Court's order of September 14, 2007, granted the joint motion of Bruce Elieff and Kathy Abrahamson ("collectively 'Elieff'") to intervene in this action. The order granting that motion provided that they should be referred to as "Plaintiff-Intervenor," *i.e.* as a single additional party. The Court's order followed the structure and format of plaintiff-intervenor's own motion. Bruce Elieff and Kathy Abrahamson are married to each other and filed joint federal income tax returns for the years at issue in this case. In accordance with their own request, they are on party to this action, and therefore are limited to 25 interrogatories unless otherwise authorized by RCFC 33(a). Plaintiff-intervenor did not seek the United States' agreement to allow more than 25 interrogatories from plaintiff-intervenor, nor has plaintiff-intervenor asked the Court for permission to serve additional interrogatories. The United States' responses are thus limited to the 25 interrogatories submitted by Bruce Elieff and not those submitted by Kathy Abrahamson.

### B. PROPOUNDED BY BRUCE ELIEFF

General description of general objections using the enumeration in the United State's response:

1. Bruce Elieff ("Elieff") and Kathy Abrahamson ("Abrahamson") are one party.

2. All instructions are unduly burdensome and attempt to impose a duty greater than imposed by RCFC 26 and 33.

3. Instruction No. 5 is confusing, compound and unduly burdensome.

4. Definition No. 3 is overbroad as to identification of U.S. administrative agencies. IRS should not be equated with the Defendant. By equating, Plaintiff-Intervenor

ignores that the IRS' views are not at issue in this *de novo* proceeding, the United States is conducting discovery, and it is premature to request the United States' conclusions.

5. Definition No. 7 is vague, ambiguous, and likely to cause confusion.

6. The interrogatories are unreasonably cumulative and duplicative, and information is obtainable from another source that is more convenient, less burdensome, or less expensive.

7. Burden or expense of responding outweighs the likely benefit of a response.

8. Interrogatories seek information covered by attorney-client privilege, the deliberative process privilege, or the work-product doctrine.

9. Interrogatories seek information protected by 26 USC §6103.

10. The definition No. 4 is objectionable as the accepted abbreviation is "FPAA" and not "NFPAA."

The United States made the following objections to the interrogatories propounded by Elieff on June 16, 2008:

| Interrogatory No. | General Objections | Specific Objections |
|---|---|---|
| 1 | 1, 2, 3, 4, 6, 7,8, 9 | Vagueness, unduly burdensome, compound, deposition or solicitation of IRS employees requires authorization so the telephone numbers and addresses of IRS employees have not been disclosed |
| 2 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | irrelevant to *de novo* proceeding |
| 3 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | |
| 4 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 1 |
| 5 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Irrelevant to *de novo* proceeding, FPAA makes "determinations" and not "contentions" |
| 6 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Irrelevant to *de novo* proceeding, duplicative of interrogatory no. 5, FPAA makes "determinations" and not "contentions" |
| 7 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions", duplicative of interrogatory no. 1 |
| 8 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | Irrelevant to *de novo* proceeding, vague and unintelligible, FPAA makes "determinations" and not "contentions" |

| | | |
|---|---|---|
| 9 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 8 |
| 10 | 1, 2, 3, 4, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 1, vague and unintelligible, US is conducting discovery and has not formulated its contentions |
| 11 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Irrelevant to *de novo* proceeding, vague and unintelligible, FPAA makes "determinations" and not "contentions" |
| 12 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 11 |
| 13 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions," duplicative of interrogatory no. 1 |
| 14 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions" |
| 15 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 14 |
| 16 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions," duplicative of interrogatory no. 1 |
| 17 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions" |
| 18 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 17 |
| 19 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions," duplicative of interrogatory no. 1 |
| 20 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions" |
| 21 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 20 |
| 22 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions," duplicative of interrogatory no. 1 |
| 23 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions" |
| 24 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of interrogatory no. 23 |
| 25 | 1, 2, 3,4 , 5, 6, 7, 8, 9, 10 | Vague and unintelligible, FPAA makes "determinations" and not "contentions," duplicative of interrogatory no. 1 |

## II. SECOND[1] REQUEST OF DOCUMENT PRODUCTION PROPOUNDED BY BRUCE ELIEFF

General description of general objections using the enumeration in the United State's response of June 16, 2008:

1. Elieff and Abrahamson are one party.

2. Definition No. 3 is overbroad as to identification of U.S. administrative agencies. IRS should not be equated with the Defendant. By equating, Plaintiff-Intervenor ignores that the IRS' views are not at issue in this *de novo* proceeding, the United States is conducting discovery, and it is premature to request the United States' conclusions.

3. Definition No. 7 is vague, ambiguous, and likely to cause confusion.

4. Unreasonably cumulative and duplicative. Information sought is obtainable from another source that is more convenient, less burdensome, or less expensive.

5. Burden or expense of responding to production request outweighs likely benefit of a response.

6. Requests seek information covered by the attorney-client privilege, deliberative privilege, or the work-product doctrine.

7. Requests seek information protected by 26 USC 6103.

8. The definition No. 4 is objectionable as the accepted abbreviation is "FPAA" and not "NFPAA."

9. Vague and unintelligible because requests to not specify where quotations that purport to be from the FPAA may be found.

10. Vague and unintelligible as FPAA makes "determinations" and not "contentions."

| Document Request No. | General Objections | Specific Objections |
|---|---|---|
| 1 | 1, 2, 4, 5, 6, 7 | Cumulative and duplicative with interrogatories nos. 1-25 |
| 2 | 1, 2, 4, 5, 6, 7 | |
| 3 | 1, 2, 4, 5, 6, 7, 8 | Irrelevant as to this *de novo* proceeding and not a review of administrative proceeding |
| 4 | 1, 2, 4, 5, 6, 7 | Unintelligible |
| 5 | 1, 4, 5, 6, 7, 8, | Vague, unintelligible, cumulative, duplicative |

[1] Mislabeled "First" request.

| | | |
|---|---|---|
| | 9 | |
| 6 | 1, 4, 5, 6, 7 | Vague, unintelligible, unduly burdensome, cumulative, duplicative, compound, irrelevant as only Ricobene and Bulldog are directly or indirectly affected by this action |
| 7 | 1, 2, 3, 4, 5, 6, 7 | Vague, unintelligible, calls for speculation about government's future contentions in defense of case |
| 8 | 2, 4, 5, 6, 7 | Vague and unintelligible, irrelevant as only Ricobene and Bulldog are directly or indirectly affected by action |
| 9 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 10 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 11 | 1, 2, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 12 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 13 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 14 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 15 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 16 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 17 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 18 | 1, 3, 4, 5, 6, 7 | |
| 19 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 20 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 21 | 1, 2, 4, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 22 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 23 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 24 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 25 | 1, 2, 3,4 , 5, 6, 7, 8, 9, 10 | Duplicative of request no. 3 |
| 26 | 1, 2, 3, 4, 5, 6, 7, 8, 10 | Duplicative of request no. 3 |

| | | |
|---|---|---|
| 27 | 1, 3, 4, 5, 6, 7 | Vague and unintelligible |
| 28 | 1, 3, 4, 5, 6, 7 | |
| 29 | 1, 3, 4, 5, 6, 7 | |
| 30 | 1, 3, 4, 5, 6, 7 | |
| 31 | 1, 4, 5, 6, 7 | |
| 32 | 1, 4, 5, 6, 7, 8 | Vague and unintelligible |
| 33 | 1, 2, 4, 5, 6, 7, 8 | Vague and unintelligible and unduly broad |
| 34 | 1, 4, 5, 6, 7, 8 | Vague and unintelligible and unduly broad, vagueness for failure to identify/define term "Subject Funds," definition in no. 6 identifies taxpayers not parties to case |
| 35 | 1, 4, 5, 6, 7 | |
| 36 | 1, 4, 5, 6, 7 | Overbroad, vague, unintelligible, cumulative, duplicative of requests nos. 31 and 32 |
| 37 | 1, 4, 5, 6, 7, 8 | Overbroad, vague, unintelligible, cumulative, duplicative of requests no. 34 |
| 38 | 1, 4, 5, 6, 7, 8 | |
| 39 | 1, 4, 5, 6, 7, 8 | Duplicative of request no. 38 |
| 40 | 1, 4, 5, 6, 7, 8 | Overbroad, vague, unintelligible, cumulative, duplicative |
| 41 | 4, 5, 6, 7 | Compound, vague, unintelligible, cumulative, duplicative of requests nos. 38 and 39, document referred to is not identified nor a copy supplied |
| 42 | 1, 4, 5, 6, 7 | Compound, vague, unintelligible, cumulative, duplicative, document referred to is not identified nor a copy supplied |
| 43 | 1, 4, 5, 6, 7 | Compound, vague, unintelligible, cumulative, duplicative |
| 44 | 1, 4, 5, 6, 7, 8 | Overbroad, vague, unintelligible, cumulative, duplicative, abusive as it duplicates numerous requests |
| 45 | 1, 4, 5, 6, 7, 8 | Compound, vague, unintelligible, cumulative, duplicative |

## III. PRIVILEGE LOGS PROVIDED

Only one page of privilege log was provided on August 22, 2008 for the following based on 26 USC §6103:

1. Forms 1040 for Philip and Mary Groves, 2002 and 2003

2. IRS transcript for Groves, 2002

3. Forms 1065 Ricobene, 2001, 2002, 2003

4. Forms 1065 for Bengal, 2002, 2003, and 2004

5. Forms 1065 for Crimson, 2002 and 2003

6. Forms 1065 for Gator, 2002

7. Forms 1065 for Koala, 2002 and 2003

8. Form 906 for one member of Koala, 2002 and 2003

9. Forms 1065 for Polar, 2002, 2003, and 2004

10. Forms 1065, Distressed Asset Consulting, 2002 and 2003