**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AUSTIN INVESTMENT FUND, LLC,**<br>**RICOBENE LLC,**<br>**TAX MATTERS PARTNER,**<br><br>**Complainant,**<br><br>v.<br><br>**UNITED STATES OF AMERICA and**<br>**The INTERNAL REVENUE SERVICE,**<br><br>**Defendants.** | ) | Docket No. 06-844T |

**MOTION FOR AN ORDER COMPELLING THE RETURN OF THE NOTICE OF THE FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT TO THE INTERNAL REVENUE SERVICE FOR REWRITING IN COMPLIANCE WITH THE ADMINISTRATIVE PROCEDURES ACT**

Bruce Elieff and Kathy Abrahamson, designated by the Court as Plaintiff-Intervenor, through counsel, move this Court for an order compelling the return of the Notice of Final Partnership Administrative Adjustment ("FPAA") to the Internal Revenue Service ("IRS") for rewriting so that it has detailed findings of fact, defines the issues adjudicated, and then a detailed explanation of how the issues were adjudicated.

As grounds Plaintiff-Intervenor states:

1. The IRS is part of the U.S. Treasury Department and is required to comply with the Administrative Procedures Act ("APA") found in Title 5 of the US Code.

2. The issuance of the FPAA was an adjudication of issues concerning the named entities for specified period of 2002 under the APA.

3. The issued FPAA, which is attached to the Complaint on file with this Court, does not comply with the APA requirements for findings, issues, resolution of issues and conclusions

when the IRS makes adjudication under the APA. The courts require the above so that the taxpayers do not have to find out in discovery the issues, detailed facts, reasoning and evidence etc. used in the adjudication.

4. The United States has now taken the position that the United States is not required in discovery to provide any of the above detailed information because the tax litigation is *de novo*! The United States has refused to respond to Plaintiff-Intervenor Kathy Abrahamson's discovery on the basis that the proceeding is *de novo*.

5. The United States is also refusing to answer discovery on the basis that only one party intervened when in fact two parties intervened. This issue is the subject of a separate motion recently filed with this Court.

6. The combination of inadequate FPAA and the position that the United States will not provide the facts, issues, etc. in detail in discovery leave the intervening parties in the dark as to the basis of the Internal Revenue Service's adjudicative determination that millions of dollars in income tax, penalties, and interest are owed by the Plaintiff-Intervenor. This is contrary to the APA and this Court's discovery rules.

7. The United States Supreme Court has held that the proper remedy in the aforementioned situation is for the matter to be remanded back to the appropriate agency so that, in the instant case, the IRS can conduct additional investigations or take other actions to provide a fuller explanation as to its rationale behind the FPAA.

8. Based on aforementioned statements and the attached declarations, exhibit, and memorandum of points and authorities, Bruce Elieff and Kathy Abrahamson pray for the Court

///

//

to order the FPAA be sent back to the IRS and rewritten to provide the details as outlined above.

Dated: September 16, 2008

Respectfully Submitted,

_/s/ E.O.C. Ord___________

E.O.C. Ord
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
(415) 274-3800
Counsels for Elieff

T:\Clients\7067\Claims Court\motion for order to return to IRS.doc