TAX COURT
FILED
DEC - 1 1989

UNITED STATES TAX COURT

U.S. TAX COURT
MAILROOM
'89 DEC -1 A7

ROBERT D. FISHER and
ORPHA L. FISHER,

Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Docket No. 28630-89

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION

The Petitioners hereby petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in the Notice of Deficiency dated September 1, 1989, and bearing the reference symbols AP:OC:RKW:JM. As the basis for the request for redetermination, the Petitioners allege and state as follows:

1. The Petitioners are husband and wife and have a present legal residence at 3340 Oak Hollow, Oklahoma City, Oklahoma 73120. The Petitioners' social security numbers are 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 (H) and 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 (W). The Petitioners' federal income tax returns for the 1983 and 1984 calendar years were timely filed with the Internal Revenue Service Center in Austin, Texas.

2. The Notice of Deficiency was issued by the Office of the Internal Revenue Service in Oklahoma City, Oklahoma, and was mailed to the Petitioners on September 1, 1989. A complete copy of the Notice of Deficiency is attached at Exhibit "A" as a part hereof.

SERVED DEC - 1 1989

3. The deficiency, as determined by the Commissioner, represents penalties for substantial understatement of income tax liability under Internal Revenue Code § 6661, all of which are in dispute. The amount of the deficiency by tax return is as follows:

| Year | §6661 Penalty |
|---|---|
| 1983 | 45,492.00 |
| 1984 | 54,751.00 |

4. The determination of the penalties set forth in the Notice of Deficiency is based on the following errors:

4.1 With respect to each of the items set forth in Schedule "1-A" of the Notice of Deficiency, the Commissioner erred in determining that: (a) the Petitioners did not have substantial authority for the treatment of such items; or (b) that each of the items were not adequately disclosed in the returns or in a statement attached to the returns.

4.2 With respect to the tax shelter items designated in Schedule "1-A" of the Notice of Deficiency, the Commissioner erred in determining that such items constitute a tax shelter under I.R.C. § 6661. Even if one (1) or more of the items designated as a tax shelter in the Notice of Deficiency constitute a tax shelter under I.R.C. § 6661, the Commissioner erred in determining that: (a) the Petitioners did not have substantial authority for the tax treatment of such item; and (b) the Petitioners did not reasonably

believe that the tax treatment of such item was more likely than not the proper tax treatment.

4.3 The Commissioner, in assessing the penalties for the 1983 and 1984 tax years, erred in not waiving the penalties under I.R.C. § 6661(c) and Treas. Reg. § 1.6661-6 based on a showing by the Petitioners that there was reasonable cause for the understatement, that the Petitioners acted in good faith and that the Petitioners took inordinate precautions to avoid any underpayment of the Petitioners' income tax liability.

4.4 The Commissioner, in assessing the substantial understatement penalty, erred by applying the 25% penalty percentage mandated by the Omnibus Budget Reconciliation Act of 1986. The nature of the substantial understatement penalty is penal in nature and, thus, the increase in the penalty percentage under the Omnibus Budget Reconciliation Act of 1986 violates Article I, Section 9 of the Constitution of the United States, which prohibits the passing of an <u>ex post facto</u> law.

5. The facts on which the Petitioners rely as the basis of their case with respect to each issue are set forth below:

5.1 The facts relating to the reinsurance program in which the Petitioners participated during the 1983 and 1984 tax years and the Commissioner denominated as a tax shelter are as follows:

5.1.1 During 1983 and 1984, the Petitioners were approached by Pre-Paid Legal Services, Inc. ("Prepaid"), regarding a reinsurance program as an investment. Under the reinsurance program, the Petitioners made cash payments to Prepaid and agreed to indemnify Prepaid for administrative expenses and claims expenses under certain prepaid legal insurance contracts issued by Prepaid. In return, the Petitioners received the right to receive the premium income on the contracts. Prepaid's primary business was the issuance of insurance policies for legal fees. Prepaid was a publicly held company and was listed on the NASDAQ National Market System in March of 1984.

5.1.2 Based on the fact that Prepaid was a publicly held company, the profitability of Prepaid as reflected in its annual financial statements and the advice of the Petitioners' long term legal, accounting and professional advisors, the Petitioners entered into the reinsurance contracts. The primary purpose of the Petitioners in entering into the reinsurance programs was to make an economic profit and was not to avoid or evade the federal income tax.

5.1.3 Based on the recommendations of and research conducted by the Petitioners' professional

their returns and adequately disclosed the reinsurance investment on each of the returns. The investment in the reinsurance program was entered into by the Petitioners for economic gain and does not constitute a tax shelter under I.R.C. §6661. Even if the investment in the reinsurance program constituted a tax shelter having as its principal purpose the avoidance or evasion of income tax, there was substantial authority for the treatment of the reinsurance programs on the Petitioners' returns and as a result of the Petitioners' efforts the Petitioners had a reasonable belief that the tax treatment claimed was more likely than not proper.

5.2 The facts relating to the items designated as non-tax shelter items at Schedule "1-A" to the Notice of Deficiency are as follows:

5.2.1 With respect to the adjustments relating to Schedule "E", Form 1040, for each of the returns the Petitioners either had substantial authority for the treatment as reflected on the returns or the returns adequately disclosed the treatment as required by I.R.C. § 6661.

5.2.2 The computer business income, the dividends from Oklahoma Cardiovascular and the partnership distribution (for the 1984 tax year) were

inadvertently omitted from the return despite the good faith efforts of the Petitioners. The Petitioners retained a full time bookkeeper to maintain a double entry set of books on the Petitioners' financial affairs, retained a certified public accountant to prepare the returns and utilized the services of an attorney familiar with the Petitioners' multiple business operations. Despite the efforts of the Petitioners to complete the returns correctly and the safeguards imposed by the Petitioners, the complicated nature of multiple businesses conducted by the Petitioners resulted in the omission of those items from the return. Those items should be waived as set forth in paragraph 5.3 below.

5.3 The Petitioners previously requested that the Commissioner waive all or part of the substantial understatement penalty for 1983 and 1984 based on I.R.C. § 6661(c). With respect to each item listed on Schedule "1-A" of the Notice of Deficiency, the Petitioners made substantial efforts to comply with the tax laws, had reasonable cause for the understatement and acted in good faith.

WHEREFORE, the Petitioners pray that this Court determine that there is no deficiency for Petitioners' 1983 and 1984 calendar years and grant Petitioners such other and further relief to which they may be entitled.

Robert D. Fisher, MD

Robert D. Fisher, M.D.
3340 Oak Hollow
Oklahoma City, Oklahoma 73120
(405) 751-8665

Date Signed: 11/28/89

Orpha Lou Fisher

Orpha L. Fisher
3340 Oak Hollow
Oklahoma City, Oklahoma 73120
(405) 751-8665

Date Signed: 11/28/89

STS\G-I\FISHER.PET

Internal Revenue Service Department of the Treasury

Date: SEP 1 1989

RECEIVED

SEP 6 1989

Hastie And Kirschner

| Tax Year Ended | Deficiency | Additions to the Tax 6661 |
|---|---|---|
| December 31, 1983 | $0.00 | 45,492.00 |
| December 31, 1984 | $0.00 | 54,751.00 |

TIN: 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

Mr. Robert D. Fisher, and
Mrs. Orpha L. Fisher
3340 Oak Hollow
Oklahoma City, OK 73120

Person to Contact: R. Keith Ward

Contact Telephone No.: (405) 231-5518

Reference Symbols: AP:OC:RKW:JM

Dear Mr. and Mrs. Fisher:

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is a NOTICE OF DEFICIENCY sent to you as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street NW., Washington, D. C. 20217, and the copy of this letter should be attached to the petition. The time in which you must file a petition with the Court (90 or 150 days as the case may be) is fixed by law and the Court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

If you decide not to file a petition with the Tax Court, we would appreciate it if you would sign and return the enclosed waiver form. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. The enclosed envelope is for your convenience. If you decide not to sign and return the waiver and you do not timely petition the Tax Court, we will assess and bill you for the deficiency after 90 days from the above mailing date of this letter (150 days if this letter is addressed to you outside the United States).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

FRED T. GOLDBERG, JR.

Commissioner

By: Earle D. Wagner

Earle D. Wagner
Associate Chief, Appeals Office

Exhibit "A"

Page 1 of 11 Pages

Enclosures:
Copy of this letter
Statement
Waiver
Envelope

Oklahoma City Appeals Office
500 W. Main, Suite 310
Oklahoma City, OK 73102

Department of the Treasury - Internal Revenue Service
NOTICE OF DEFICIENCY - WAIVER

Reference Symbols:
AP:OC:RKW:JM

Name and address of taxpayer(s): Mr. Robert D. Fisher, and
Mrs. Orpha L. Fisher
3340 Oak Hollow
Oklahoma City, OK 73120

TIN:
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

| Kind of Tax | Copy to Authorized Representative | |
|---|---|---|
| INCOME | Duard B. Thomas<br>Box 369<br>Ada, OK 74820 | William E. Farrior<br>610 South Main, Suite 300<br>Tulsa, OK 74119-1226 |

| | | Additions to the Tax |
|---|---|---|
| Tax Year Ended | Deficiency | 6661 |
| December 31, 1983 | $0.00 | 45,492.00 |
| December 31, 1984 | $0.00 | 54,751.00 |

See the attached explanation for the above deficiencies

I consent to the immediate assessment and collection of the deficiencies (increase) in tax and additions to the tax) shown above, plus any interest as provided by law.

Your Signature >________________________ ____________
Mr. Robert D. Fisher (date signed)

Spouses Signature >________________________ ____________
If a Joint Return Mrs. Orpha L. Fisher (date signed)

Representative's >________________________ ____________
Signature if Authorized (date signed)

Note: If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a District Court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

WHO MUST SIGN

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original of this form. Sign your name exactly as it appears on your return. If you are acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity ( executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

IF YOU AGREE, PLEASE SIGN ONE COPY AND RETURN IT; KEEP THE OTHER COPY FOR YOUR RECORDS

Exhibit
"A"

Page 2 of 11 Pages

Mr. Robert D. Fisher, and
Mrs. Orpha L. Fisher

STATEMENT

SUBSTANTIAL UNDERSTATEMENT OF LIABILITY - Sec. 6661

It is determined that part of the underpayment of tax required to be shown on the return for the taxable year ended December 31, 1983 and December 31, 1984 is attributable to non-tax shelter items shown on the attached Schedule 1-A, for which there is no substantial authority, or which are not adequately disclosed in the return or in a statement attached to the return.

It is further determined that part of the underpayment of tax is due to items shown on the attached Schedule 1-A, attributable to a tax shelter, which are not based upon substantial authority for their tax treatment, and that the taxpayer has not demonstrated that he/she reasonably believed that the tax treatment of the items was more likely than not the proper tax treatment. Since the resulting understatement of tax exceeds the greater of 10% of the tax required to be shown on the return, or $5,000.00 ($10,000.00 if a corporation), there is a substantial understatement of income tax, consequently, there is added to the tax an amount equal to 25% of such underpayment attributable to such understatement.

DEPT. OF THE TREASURY-INTERNAL REVENUE SERVICE
STATEMENT OF INCOME TAX CHANGES SCHEDULE 1

| Name and Address of Taxpayers: | SSN | Filing Status |
|---|---|---|
| Robert D. and Orpha L. Fisher<br>3340 Oak Hollow<br>Oklahoma City, OK 73120 | 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 | Joint |
| | In Reply Refer To:<br>AP:OC:RKW:JM | |

| | | | |
|---|---|---|---|
| 1. ADJUSTMENTS TO INCOME: | YEAR: 1983 | YEAR: 1984 | |
| A. Adjusted Gross Agreed Adjustments | 494,841.80 | 454,131.36 | |
| B. Itemized Deduction Agreed Adjustment | (11,335.00) | 11,335.00 | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| 2. TOTAL ADJUSTMENTS | 483,506.80 | 465,466.36 | 0.00 |
| 3. TAXABLE INCOME - PER RETURN | (71,169.97) | 133,793.00 | |
| 4. TAXABLE INCOME - AS CORRECTED | 412,336.83 | 599,259.36 | 0.00 |
| 5. TAX | 190,170.42 | [redacted] | |
| 6. LESS: CREDITS: | | | |
| A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 7. BALANCE | 190,170.42 | | |
| 8. PLUS: | | | |
| A. Alternative Minimum Tax - Schedule Att'd | 0.00 | | |
| B. Self-Employment Tax - R/A Report | 352.00 | | |
| C. ITC Recapture | 4,000.00 | | |
| D. | | | |
| 9. TOTAL CORRECTED TAX LIABILITY | 194,522.42 | | |
| 10. TOTAL TAX SHOWN ON RETURN OR AS PREVIOUSLY ADJUSTED (1) | 194,522.42 | | |
| 11. DEFICIENCY | 0.00 | | |
| 12. OVERASSESSMENT | 0.00 | | |
| 13. | | | |

ADDITIONS TO THE TAX

| | | |
|---|---|---|
| I.R.C. SECTION 6661(a) | 45,492.00 | |

OTHER INFORMATION

| | | |
|---|---|---|
| (1) Tax on the original return | 12,554.76 | |
| Additional tax agreed 12/23/87 | 25,101.14 | |
| Additional tax agreed 6/28/89 | 156,866.52 | |
| Tax as previously adjusted | 194,522.42 | |

Mr. Robert D. Fisher, and
Mrs. Orpha L. Fisher

Schedule 1-A
Explanation of Adjustments

1.A. & B.

You indicated your agreement to the following adjustments by executing Forms 870 on December 23, 1987 and June 28, 1989.

| Item | 1983 Amount | 1984 Amount |
|---|---|---|
| Ceding Commissions* | 360,000.00 | 360,000.00 |
| Amortization of Ceding Commissions* | | (72,000.00) |
| Legal and Professional Fees* | 18,000.00 | 18,000.00 |
| Amortization of Legal & Prof. Fees* | | (3,600.00) |
| Replacement Commissions* | | 68,918.00 |
| Amortization of Replacement Commission* | | (6,892.00) |
| Computer Business Income | 20,038.36 | |
| Dividends--OK Cardiovascular | 5,973.67 | 3,736.78 |
| Partnership Distribution (K-1) | | 22,365.93 |
| Schedule E-Interest Expense | 90,791.36 | 52,912.92 |
| Schedule E-Amtzn. of Const. Period Int | (12,133.76) | (20,537.96) |
| Schedule E-Depreciation I | 5,541.61 | 4,417.31 |
| Schedule E-Depreciation II | 11,125.42 | 26,999.16 |
| Schedule F-Depreciation I | (4,494.86) | (188.78) |
| Adjusted Gross Agreed Adjustments | 494,841.80 | 454,131.36 |
| Itemized Agreed Adjustment | (11,335.00) | 11,335.00 |
| Total Agreed Adjustments | 483,506.80 | 465,466.36 |

*Items relative to Tax Shelter

Exhibit
"A"
Page 5 of 11 Pages

DEPT. OF THF TREASURY-INTERNAL REVENUE SERV'CE
STAT NT OF INCOME TAX CHANGES SCH JLE A-1

| Name and Address of Taxpayers: | SSN | Filing Status |
|---|---|---|
| Robert D. and Orpha L. Fisher<br>3340 Oak Hollow<br>Oklahoma City, OK 73120 | 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 | Joint |
| | In Reply Refer To:<br>AP:OC:RKW:JM | |

| | YEAR: 1983 |
|---|---|
| 1. ADJUSTMENTS TO INCOME: | |
| A.Adjusted Gross Agreed Adjustments | 494,841.80 |
| B.Itemized Deduction Agreed Adjustment | (11,335.00) |
| C. | |
| D. | |
| E. | |
| F. | |
| G. | |
| 2. TOTAL ADJUSTMENTS | 483,506.80 |
| 3. TAXABLE INCOME - PER RETURN | (71,169.97) |
| 4. TAXABLE INCOME - AS CORRECTED | 412,336.83 |
| 5. TAX | 190,170.42 |
| 6. LESS: CREDITS: | |
| A. | |
| B. | |
| C. | |
| D. | |
| 7. BALANCE | 190,170.42 |
| 8. PLUS: | |
| A.Alternative Minimum Tax - Schedule Att'd | 0.00 |
| B.Self-Employment Tax - R/A Report | 352.00 |
| C.ITC Recapture | 4,000.00 |
| D. | |
| 9. TOTAL CORRECTED TAX LIABILITY | 194,522.42 |
| 10.TOTAL TAX SHOWN ON RETURN OR AS PREVIOUSLY ADJUSTED (1) | 194,522.42 |
| 11.DEFICIENCY | 0.00 |
| 12.OVERASSESSMENT | 0.01 |
| 13. | |

ADDITIONS TO THE TAX

| | |
|---|---|
| I.R.C. SECTION 6661(a) | 45,492.00 |

OTHER INFORMATION

| | | |
|---|---|---|
| (1) | Tax on the original return | 12,554.76 |
| | Additional tax agreed 12/23/87 | 25,101.14 |
| | Additional tax agreed 6/28/89 | 156,866.52 |
| | Tax as previously adjusted | 194,522.42 |

Exhibit
"A"
Page 6 of 11 Pages

.983 ALTERNATIVE MINIML.. TAX SCHEDULE A-2

Name(s) as shown on Form 1040 | Identifying Number
Robert D. and Orpha L. Fisher | 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

1 Adjusted gross income from Form 1040 or Form 1040NR.ln.33 as corrected. (estates and trusts.see instructions)...... 499,328.71

2 Deductions revised (estates and trusts,see instructions):

a(1)Medical & Dental expenses from Schedule A.line 7 as revised.................... 0.00

(2)Multiply Form 1040,line 33 revised by 5% 24,966.44

(3)Subtract line 2a(2) from line 2a(1). (If less than 0, enter 0)............... 0.00

b Contributions from Schedule A revised..... 13,578.42

c Casualty and theft losses from Schedule A, line 21 revised......................... 0.00

d Interest expense on property used as a residence from schedule A.line 13 revised... 6,418.69

e(1)Interest, other than line 2d above, from Schedule A.line 16 revised. 41,453.68

(2)Net investment income...... 0.00

(3)Enter the smaller of line 2e(1) or line 2e(2).................................. 0.00

f Gambling losses to the extent of gambling winnings from Schedule A.line............. 0.00

g Estate tax allowable under section 691(c) from Schedule A revised. ............ 0.00

h Add lines 2a(3),b.c.d,e(3).f and g.................... 19,997.11

3 Subtract line 2h from line 1.......................... 479,331.60

4 Tax preference items:

a All-savers interest exclusion.and dividend exclusion................................ 200.00

b 60% capital gain deduction................ 0.00

c Accelerated depreciation on nonrecovery real property or 15-year real property.... 0.00

d Accelerated depreciation on leased personal property or leased recovery property other than 15-year real property.......... 104,210.00

e Amortization of certified pollution control facilities.......................... 0.00

f Mining exploration and development costs.. 0.00

g Circulation and research and experimental expenditures............................. 0.00

h Reserves for losses on bad debts of financial institutions........................ 0.00

i Depletion................................. 777.89

j Incentive stock options................... 0.00

k intangible drilling costs................ 0.00

l add lines 4a through 4k.............................. 105,187.89

5 Alternative minimum taxable income (add lines 3 and 4(l)) (short period returns, see instructions)................ 584,519.49

6 Enter $40,000.if married filing joint return or surviving spouse
$30,000.if single or head of household >......... 40,000.00
$20,000.if married filing separate return or estate or trust

7 Subtract line 6 from line 5. If 0 or less.do not complete the rest of this form.................................. 544,519.49

8 Enter 20% of line 7.................................. 108,903.90

9 Amount from Form 1040, line 49 or Form 1040NR, line 51, as corrected ( Do not include Form 1040, line 39 or 1040NR, line 42 (estates and trusts.see instructions).... 190,170.42

10 Subtract line 9 from line 8. If less than 0.enter 0..... (81,266.52)

11 Foreign tax credit.................................... 0.00

12 Alternative minimum tax ( subtract line 11 from line 10 ). Enter on Form 1040.ln.51, Form 1040NR, ln.52, Form 1041, ln.32, or Form 990-T, page 1, ln.14.................... 0.00

Exhibit
"A"
Page 7 of 11 Pages

83 COMPUTATION C ADDITIONS TO TAX SCHEDULE A-3

| Name(s) as shown on Form 1040 | Your Social Security Number |
|---|---|
| Robert D. and Orpha L. Fisher | 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 |

| | | |
|---|---|---|
| SECTION 6661(a) PENALTY | | |
| TAX LIABILITY | 194,522.42 | |
| LESS: TAX LIABILITY AS FILED | 12,554.76 | |
| LESS: TAX LIABILITY W/ SUBSTANTIAL AUTHORITY OR ADEQUATE DISCLOSURE | 0.00 | |
| AMT SUBJECT TO PENALTY | | 181,967.66 |
| TIMES: PENALTY RATE | | 25% |
| PENALTY AMOUNT | | 45,492.00 |

Exhibit "A"

Page 8 of 11 Pages

DEPT. OF THE TREASURY-INTERNAL REVENUE SERVICE
STATEMENT OF INCOME TAX CHANGES SCHEDULE B-1

| Name and Address of Taxpayers: | SSN | Filing Status |
|---|---|---|
| Robert D. and Orpha L. Fisher<br>3340 Oak Hollow<br>Oklahoma City, OK 73120 | 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 | Joint |
| | In Reply Refer To:<br>AP:OC:RKW:JM | |

| | YEAR: 1984 |
|---|---|
| 1. ADJUSTMENTS TO INCOME: | |
| A. Adjusted Gross Agreed Adjustments | 454,131.36 |
| B. Itemized Deduction Agreed Adjustment | 11,335.00 |
| C. | |
| D. | |
| E. | |
| F. | |
| G. | |
| 2. TOTAL ADJUSTMENTS | 465,466.36 |
| 3. TAXABLE INCOME - PER RETURN | 133,793.00 |
| 4. TAXABLE INCOME - AS CORRECTED | 599,259.36 |
| 5. TAX | 281,029.68 |
| 6. LESS: CREDITS: | |
| A. Investment Tax Credit | 31,120.00 |
| B. Political Contribution | 100.00 |
| C. | |
| D. | |
| 7. BALANCE | 249,809.68 |
| 8. PLUS: | |
| A. Alternative Minimum Tax - Schedule Att'd | 0.00 |
| B. Self-Employment Tax | 542.00 |
| C. ITC Recapture | 67,797.00 |
| D. | |
| 9. TOTAL CORRECTED TAX LIABILITY | 318,148.68 |
| 10. TOTAL TAX SHOWN ON RETURN OR AS PREVIOUSLY ADJUSTED (1) | 318,148.68 |
| 11. DEFICIENCY | 0.00 |
| 12. OVERASSESSMENT | 0.00 |
| 13. | |

ADDITIONS TO THE TAX

I.R.C. Section 6661(a) 54,751.00

OTHER INFORMATION

| | | |
|---|---|---|
| (1) | Tax on the original return | 99,146.20 |
| | Additional Tax agreed 12/23/87 | 36,789.48 |
| | Additional Tax agreed 6/28/89 | 182,213.00 |
| | Total tax previously adjusted | 318,148.68 |

Exhibit "A"

Page 9 of 11 Pages

-84 . ALTERNATIVE MINIMUM TAX SCHEDULE B-2

Name(s) as shown on Form 1040 Robert D. and Orpha L. Fisher | Identifying Number 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

| | | |
|---|---|---|
| 1 Adjusted gross income from Form 1040 or Form 1040NR, ln.33 as revised (estates and trusts, see instructions)........ | | 658,411.36 |
| 2 Deductions (estates and trusts, see instructions): | | |
| a(1) Medical & Dental expenses from Schedule A, line 7 revised........................ | 0.00 | |
| (2) Multiply AGI by 5%.................... | 32,920.57 | |
| (3) Subtract line 2a(2) from line 2a(1). (If less than 0, enter 0).............. | 0.00 | |
| b Contributions from Schedule A, as revised. | 18,643.00 | |
| c Casualty and theft losses from Schedule A, line 19 as revised........................ | 0.00 | |
| d Interest expense on property used as a residence from schedule A, as revised....... | 6,266.00 | |
| e(1) Interest, other than line 2d above, from Schedule A, as revised..... 69,603.00 | | |
| (2) Net investment income........ 0.00 | | |
| (3) Enter the smaller of line 2e(1) or line 2e(2)................................ | 0.00 | |
| f Gambling losses to the extent of gambling winnings from Schedule A, line 22 revised.. | 0.00 | |
| g Estate tax allowable under section 691(c) from Schedule A, revised................ | 0.00 | |
| h Add lines 2a(3),b,c,d,e(3),f and g.................... | | 24,909.00 |
| 3 Subtract line 2h from line 1.................................... | | 633,502.36 |
| 4 Tax preference items: | | |
| a Dividend exclusion...................... | 0.00 | |
| b 60% capital gain deduction............... | 0.00 | |
| c Accelerated deprec. on nonrecovery real property or 15(or18)-year real property... | 6,563.00 | |
| d Accelerated depreciation on leased personal property or leased recovery property other than 15(or 18)-year real property... | 19,564.00 | |
| e Amortization of certified pollution control facilities.......................... | 0.00 | |
| f Mining exploration and development costs.. | 0.00 | |
| g Circulation and research and experimental expenditures............................ | 0.00 | |
| h Reserves for losses on bad debts of financial institutions......................... | 0.00 | |
| i Depletion................................. | 0.00 | |
| j Incentive stock options.................. | 0.00 | |
| k intangible drilling costs................ | 0.00 | |
| l Add lines 4a through 4k.................................... | | 26,127.00 |
| 5 Alternative minimum taxable income (add lines 3 and 4(l)) (short period returns, see instructions)............... | | 659,629.36 |
| 6 Enter $40,000, if married filing joint return or surviving spouse; $30,000, if single or head of household; $20,000, if married filing separate return or estate or trust ......... | | 40,000.00 |
| 7 Subtract line 6 from line 5. If 0 or less, do not complete the rest of this form................................ | | 619,629.36 |
| 8 Enter 20% of line 7.................................... | | 123,925.87 |
| 9 Amount from Form 1040, line 50 or Form 1040NR, line 51, as determined. (Exclude Form 1040, line 39 or 1040NR, line 41) (estates and trusts, see instructions).......... | | 249,809.68 |
| 10 Subtract line 9 from line 8. If less than 0, enter 0..... | | 0.00 |
| 11 Foreign tax credit.................................... | | 0.00 |
| 12 Alternative minimum tax (subtract line 11 from line 10). Enter on Form 1040, or Form 1040NR, ln.52, Form 1041, ln.32, or Form 990-T, page 1, ln.14..................... | | 0.00 |

Exhibit "A"

Page 10 of 11 Pages

COMPUTATION OF ADDITIONS TO TAX Schedule B-3

| Name(s) as shown on Form 1040 | Your Social Security Number |
|---|---|
| Robert D. and Orpha L. Fisher | 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 |

SECTION 6661(a) PENALTY

| | | |
|---|---|---|
| TAX LIABILITY | 318,148.68 | |
| LESS: TAX LIABILITY AS FILED | 99,146.20 | |
| LESS: TAX LIABILITY W/ SUBSTANTIAL AUTHORITY OR ADEQUATE DISCLOSURE | 0.00 | |
| AMT SUBJECT TO PENALTY | | 219,002.48 |
| TIMES: PENALTY RATE | | 25% |
| PENALTY AMOUNT | | 54,751.00 |

Exhibit "A"

Page 11 of 11 Pages